## DR. MAURICE M. ACREE, JR., Appellant, v. BETTY ANN ACREE, Appellee. —447 S.W.2d 108.

Western Section.   March 20, 1969.

Certiorari Denied by Supreme Court August 4, 1969.

Heathcock & Cloys, Union City, for appellant.

Hudgins & Hudgins, Union City, for appellee.

TAYLOR, J. This is an appeal by defendant in a divorce suit wherein a decree was entered awarding complainant a divorce from him and $400.00 per month as alimony $600.00 per month as support for their four minor children. The final decree as originally entered awarded complainant $800.00 per month, i. e., $200.00 per month per child, and their custody subject to visitation rights of defendant. Complainant's solicitor was allowed an attorney's fee of $2,000.00. Upon petition to rehear the child support award was reduced to $600.00 but re-

quired that it be paid into the registry of the Chancery Court of Obion County together with the fee due the Clerk and Master for receiving and disbursing the same.

Defendant was directed to pay all doctors' and hospital bills of his minor children and any other unusual expenses including the cost of their education.

Appellant has assigned the following as errors:

## I

The Chancellor erred in granting the appellee, Betty Ann Acree, a divorce.

## II

The Chancellor erred in awarding the appellee, Betty Ann Acree, alimony.

## III

The Chancellor erred in allowing appellee's attorneys the sum of $2,000 for their services less the credit of $150 paid in connection with the alimony pendente lite hearing.

## IV

The Chancellor erred in his making provision for the visitation and custody rights of the father and the paternal grandparents without any consideration of the limited living quarters of the father, his desire to have two children on Friday nights, two children on Saturday nights and all the children with him on Sunday, the age and physical condition of the grandparents in whose home custody is provided, and the sacrifice to the father and to his practice in providing for the visitation rights in the home of his parents in Memphis.

## V

The Chancellor erred in requiring the father to pay $150 per month each for the support of his four children,

all doctors' bills, all hospital bills and any other unusual expenses, including the costs of their education, and requiring that such support payments be paid into the hands of the Clerk & Master, together with the Clerk & Master's commission for receiving and disbursing same to Mrs. Betty Ann Acree upon her receipt therefor, but with no requirement of any accounting by her of the use of such child support payments.

## VI

The Chancellor erred in refusing to permit the appellant, Dr. Maurice M. Acree, Jr., to introduce any evidence in support of his cross action for an absolute divorce from the appellee based upon either (1) her false charges of adultery on the part of her husband in her original bill and reiterated in her answer to his cross bill, as well as made verbally to Dr. John Duckworth, Reverend Joe Hiett and others and in written conditians under which she would become reconciled with her husband, filed as Exhibit 2 to her cross-examination or (2) her withdrawal, without cause or justification, from the conjugal bed and her refusal to engage in normal marital relations with him for many months prior to the filing of her divorce bill.

## VII

The Chancellor erred in failing and refusing to grant appellant an absolute divorce from the appellee upon wife's false charges and accusations of adultery against her husband in her original bill and in her answer to his cross bill as well as made verbally to Dr. John Duckworth, Reverend Joe Hiett and others and/or upon her withdrawal from the conjugal bed and her refusal to engage in normal marital relations without cause or jus-

tification for many months before the filing of her divorce bill.

Appellant will hereinafter be referred to as defendant and appellee as complainant, as in the trial court.

Complainant and Defendant were married to one another on September 4, 1957, at Memphis, Tennessee. Both had been married previous to this marriage and both were divorced from their first spouses. One child was born to her first marriage and three children were born to his marriage. Defendant adopted the child born to complainant's first marriage and is, for all purposes, considered and treated as the child of the parties.

At the time of the marriage of complainant and defendant, complainant was working and defendant was a student at Memphis State University. He subsequently entered the University of Tennessee Medical School and following his graduation he did his post graduate work at the Memphis city hospitals. After his internship and residency he and his family moved to Union City where he was employed as Pathologist at the Obion County General Hospital. While defendant was preparing himself to become a Doctor of Medicine, complainant worked for approximately 3½ years to support the family.

For a period of about two years defendant did pathological work at the hospital in Dyersburg in addition to his work in Union City. When his work load in Union City reached the point where he could not do his work in both cities he discontinued his work in Dyersburg.

Defendant by brief filed in this court has grouped his assignments of error for the purpose of argument as follows

I through III

IV and V

VI and VII

Complainant in her reply brief has adopted the same grouping. This is a logical arrangement which we will also follow.

### Assignments of Error    I-III

Basically these assignments of error address themselves to the action of the Chancellor in granting a divorce to Complainant, as set forth in assignment no. I.

Turning our attention first to assignment no. III complaining of the allowance of an attorney's fee to solicitors for complainant, we do not feel that this court should disturb this award whether the divorce decree is granted in favor of or against complainant. In Humphreys v. Humphreys, 39 Tenn.App. 99, 281 S.W.2d 270, this Court followed Shy v. Shy, 54 Tenn. 125, and Winslow v. Winslow, 133 Tenn. 663, 182 S.W. 241, in holding that attorneys' fees in divorce cases are to be treated as alimony pendente lite.

Assignment no. II complains of the award of alimony to complainant. In Brown v. Brown, 198 Tenn. 600, 281 S.W.2d 492, the Supreme Court said that "under the statutes of this state the courts, on granting a husband a divorce, have no power to award the wife alimony." However, the trial court awarded the divorce to the wife. The divorce was based on the grounds of cruel and inhuman treatment. We think the record contains ample evidence to support the trial court's decree.

■ Complainant was described by numerous witnesses as a good wife and mother, as a good housekeeper with a pleasant and friendly personality, a good cook who did not absent herself abnormally, an industrious person not given to profane or bad language, and a woman of fine character in love with her husband and devoted to her children.

On the other hand, defendant was described by witnesses as a man of ungovernable temper with little thought of his family, a man who "brow beat" and bullied his wife, given to profane and vulgar language, fault finding and inconsiderate, violent toward his wife and children when angered, moody, not in love with his wife and told her so.

■ In Tennessee, where the cause is heard by the Chancellor on oral testimony and his findings of fact are supported by material evidence, they will not be disturbed on appeal. Silver Feet Motor Express v. Carson, 188 Tenn. 338, 219 S.W.2d 199. The opinion of Chancellor who saw witnesses, heard them testify and observed their attitude and demeanor on witness stand should carry great weight with reviewing court and should not be overturned unless clear preponderance of evidence so required. Smith v. Smith, 47 Tenn.App. 548, 339 S.W.2d 326.

There was material evidence to support the finding of fact of the Chancellor and we think he was in a better position to determine the credibility of the witnesses than we. Considering all the evidence, we think it preponderates in favor of complainant.

Accordingly assignments of error I through III are overruled.

Assignments of error IV and V relate to the visitation rights of defendant and the child support award of $600.00 per month.

Defendant complains of the visitation privileges awarded him, i. e., on the first and third weekends of each month beginning at 4:00 p.m. on Fridays and ending ing at 4:00 p.m. on Sundays. He also complains of the alternative providing that his parents might have custody in the event the custody awarded defendant is not convenient with him.

We agree that it would not be convenient for the father to take his children to his parents' home in Memphis for the purpose of visiting them and having them with him. And it appears equally true that defendant's housing does not seem adequate to have all four children with him at the same time. However, we are not going to substitute our judgment for that of the Chancellor for he may well have made this provision as a result of his observation of the attitude and demeanor of the parties. If defendant loves his children as strongly as he contends, and we believe he does, we believe that he will find a way to have them with him as provided by the Chancellor.

Defendant contends that "the monthly payments for alimony and child support allowed by the Chancellor amounted to more than 90% of the husband's net income after the payment of income taxes." His income tax return for the calendar year 1967 filed as an exhibit to his petition to rehear reflects a net income before taxes of $33,605.07. His income tax was $13,125.68, including self employment tax. For some reason he did not claim his children as exemptions. These exemptions would lower his tax at least $750.00 and he would be entitled to

credit on the alimony award of at least $1,600.00. His tax would be thus reduced at least $2,350.00. But accepting his return for 1967 he had a net income after taxes of $20,479.39. The alimony and child support awards fall far short of 90% of this net income. We do not think the awards excessive. It is true that there remains only $8,479.39 for his own expenses but he must remember he has that amount for himself as compared to $12,000.00 for the other 5/6 of his family.

Accordingly assignments of error IV and V are overruled.

Assignment of error VI seeks a reversal of the trial court's action in refusing to hear evidence on defendant's allegations (1) that complainant had charged him with adultery and had failed to introduce evidence supporting that charge, and (2) that complainant had withdrawn from the conjugal bed and refused to cohabit with defendant without justification.

Complainant alleged that defendant had been unfaithful to his marital vows and we think that the draftsman of her bill was intending to convey the idea that defendant was guilty of adulterous conduct despite her protestations to the contrary and her explanation of those things to which she might have been referring. Nevertheless, she did not charge him with adultery as required by law. In Plantt v. Plantt, 28 Tenn.App. 79, 186 S.W.2d 338, this court said:

"The charge in the petition of Martha Brown Plantt on the ground of 'adultery' is that defendant had taken up with another woman with whom he was living in adultery. The name of the woman is not given, and

there is no particular assessment of time and place. These allegations are not sufficient to meet the requirements of the statute relating to the pleading of grounds for divorce.''

In Reitano v. Reitano, 52 Tenn.App. 289, 373 S.W.2d 213, this court, Bejach, J., held that false charges of adultery, to constitute cruel and inhuman treatment, were not required to be as definite as allegations of adultery. However, the allegations were of a more severe nature in *Reitano*.

■ The Chancellor refused to hear proof as to adultery on the part of defendant and false charges of adultery on the part of complainant. We think the evidence directed at both parties should have been admitted but since there was no jury we do not believe any harm was done or reversible error committed.

The record is before us complete with tender of proof and we think the evidence preponderates in favor of the holding of the trial court. Accordingly, assignment of error VI is overruled.

Having found defendant guilty of cruel and inhuman treatment and having found complainant not guilty of the same offense, it necessarily follows that defendant as cross-complainant should be denied a decree in his favor. Therefore, assignment of error VII is overruled.

The decree of the trial court granting an absolute divorce to complainant on the ground of cruel and inhuman treatment will be affirmed and the cause remanded to the Chancery Court of Obion County for supervision

of that court and this court, and for such future orders as may be required.

The costs of this cause are adjudged against defendant and the surety on his bond.

Carney and Matherne, JJ., concur.