Sandra Lee Wilkerson NEWBERRY,
Appellee,

v.

James Avery NEWBERRY, Appellant.

Court of Appeals of Tennessee,
Western Section.

Feb. 2, 1973.

Certiorari Denied by Supreme Court
April 2, 1973.

W. H. Inman, Morristown, Ben Z. Tabb, Chattanooga, for appellant.

James E. Beckner, Morristown, for appellee.

NEARN, Judge.

Sandra Wilkerson Newberry filed her complaint for divorce on November 16, 1971. The complaint charged cruel and inhuman treatment of the husband as the grounds for divorce. On November 26, 1971, James Avery Newberry filed his Answer and Counter-Claim. The Answer portion thereof denied any acts of cruel and inhuman treatment on his part and the Counter-Claim alleged that the plaintiff was guilty of cruel and inhuman treatment conduct toward him and prayed that the divorce be awarded to him.

After hearing the proof, the Trial Court awarded Mrs. Newberry the divorce, the home of the parties, certain of the contents thereof, custody of the minor child and ordered the husband to pay certain medical bills that had been accrued and $50.00 per week child support.

Mr. Newberry has perfected his appeal to this Court with five Assignments of Error. The first charges the Trial Court with error in awarding the divorce to the plaintiff and the second with error in not awarding the divorce to the counter-claimant. The remaining Assignments of Error complain of the financial awards and adjustments made by the Court.

Before considering the Assignments of Error, we must first consider the motion of the appellee to strike from the record the document styled "Supplemental Assignments of Error, Brief and Argument of the Appellant, James Avery Newberry".

■ The record from below was filed with this Court on April 20, 1972. Pursuant to Rule 12 of this Court, counsel for appellant timely filed his Assignments of Error and Brief; to which counsel for appellee timely filed his response thereto on May 9, 1972. It would seem that Mr. Newberry engaged additional counsel in the latter part of May, 1972. Additional counsel filed the "Supplemental" document as aforesaid, on November 28, 1972. We grant the motion to strike the document,

not only because it comes way too late, but because its contents are things and matters entirely outside the record as evidenced by the first sentence thereof which is as follows: "Your defendant, James Avery Newberry, presents this supplemental assignments of error and brief, due to a change of financial conditions not caused by him, but by the inhuman persecution of this defendant since the original trial." Such document will not be considered by this Court.

■ Although a divorce action may be tried in the Circuit Court, it is yet a Chancery matter and is tried below as such and is reviewed on appeal as a Chancery matter. Jones v. Jones (1972 W.S.), Tenn. App., 486 S.W.2d 927. Therefore, the review in this court is *de novo* on the record, accompanied by a presumption of the correctness of the Decree below unless the preponderance of the evidence is to the contrary. T.C.A. § 27–303.

The real question presented by appellant's first two Assignments of Error is: Does the evidence preponderate against the Trial Court's findings that James Avery Newberry was guilty of cruel and inhuman conduct, and Sandra Wilkerson Newberry was not guilty of such conduct?

■ Cruel and inhuman treatment is often times not evidenced by public assaults and beatings, but is accomplished in more subtle and insidious ways. The whispered invective, accusation by insinuation, stinging sarcasm and heartless intimidation are the implements frequently used by which love, the vital principle which animates a marriage, is tortured to death; with the result that the once happy joinder becomes nothing less than a "bridge of groans across a stream of tears". The existence of such continuous refined cruelty can best be determined by the trier of the facts who has seen the parties face to face and who has observed their manner and demeanor as well as that of their respective witnesses. In such matters, the Trial Judge's judgment as to credibility of witnesses should not be overturned unless the clear preponderance of the evidence is to the contrary. Acree v. Acree (1969 W.S.), 60 Tenn.App. 386, 447 S.W.2d 108.

■ We deem it unnecessary to set out in detail all the proof adduced by both parties to sustain the charge against the other. See Ellis v. Ellis (1971 W.S.), Tenn.App., 472 S.W.2d 741. On cross-examination Mr. Newberry was asked if he denied the fact that he had cursed and called Mrs. Newberry vile and dirty names. His response was: "I have told her what she was and it is the truth of what she is." Further, there is competent evidence in the record that Mr. Newberry has denied that the child of the parties is his and that he has refused to have sexual relations with his wife for a considerable period of time. Suffice it to say, after examination of the record, we have concluded that the evidence does not preponderate against the finding of the Trial Judge on the issue of which party was guilty of cruel and inhuman treatment and which was not. Therefore, the first two Assignments of Error are overruled.

■ The proof shows that this marriage was the second marriage for both parties. Mr. Newberry has two children by his first marriage. His first wife was killed in an accident. Shortly before Mr. Newberry married the plaintiff, he purchased in his own name with his own funds a home located at 1325 Hickory Lane in Morristown, Tennessee. The record indicates that the home has a value of approximately $23,500.00. Immediately prior to the purchase of the home in question, Mr. Newberry owned another home which he sold in order to buy 1325 Hickory Lane. At the time of purchase, Mr. Newberry paid the sum of $6,000.00 as down payment and executed or assumed a mortgage for the balance. Mr. Newberry, sometimes one and sometimes both of his two children by his first marriage and Mrs. Newberry occupied this residence along with the new baby when it arrived.

In awarding custody of the parties' minor child and the home in fee simple to the plaintiff, the Trial Court reasoned as follows:

"In these cases, I look to see what is the best interest of the child, put the child where I think it ought to be and let the house follow the child. I think that is about the only fair way to treat the child, and if the child goes one way, I will let the house go that way, and if it goes the other, I will let the house go the other, so the fact of the matter, I will let the property or a home follow the custody of the children.

\*　　\*　　\*　　\*　　\*　.　\*

"—he has owned the home, took title to it before they got married, shortly before they got married, and if there had not been a child born, I think probably I would just start them back to where they were before the marriage, because it was a short marriage, less than two years.

\*　　\*　　\*　　\*　　\*　　\*　.

"—I think she ought to be given the home, because of this child. If they had not had a child, I would not award her any property, but the child has got to be looked after and cared for and raised, and this evidence is sufficient to conclude that it is their child, his child, so she would take the decree, the custody and the home,—"

■ We are of the opinion that the Trial Judge erred in applying his "Rule of Thumb" to all cases regardless of the circumstances and in particular to this case. It is not the law of this State that the home must follow custody. The trial judge must consider all relative facts including the obligations of both parties in awarding alimony and adjusting property interests. The trial court should consider in awarding alimony, to what extent, if any, the wife has contributed to the production of her husband's estate. Williams v. Williams (1921), 146 Tenn. 38, 236 S.W. 938. It appears to us that the Trial Judge did not properly consider the fact that the

plaintiff contributed nothing financially to the purchase of the home and contributed little, because of the shortness of the marriage, in the way of assistance to its maintenance; nor did he consider the fact that the home also was a residence for defendant's two other children. Alimony should not be allowed to a divorced wife as a penal measure. McClung v. McClung (1946 E.S.), 29 Tenn.App. 580, 198 S.W.2d 820.

We are of the opinion and therefore hold that under the facts of this case, the disposition of the home made by the Trial Judge is simply not equitable and the home should not have been awarded to plaintiff.

The Trial Judge awarded the sum of $50.00 per week child support to plaintiff and further ordered:

"The plaintiff is awarded all of the household furnishings purchased by the parties during this marriage. The parties will voluntarily divide the furniture owned by the defendant prior to this marriage so that they may each live comfortably."

Appellant complains of the $50.00 per week child support as well as the order of division of the furniture. It is argued that the $50.00 per week is too much under the circumstances, and the order directing the parties to "voluntarily" divide the furniture is an impossibility as the parties cannot agree.

■ If the parties do not agree as to a division of property, the Court may not order them to agree. The Court must make whatever division it deems equitable and appropriate and in complicated matters or those involving numerous items, a master may be appointed to make a division, subject to the Court's approval. We must reverse the Trial Judge in his order of division of the furniture because of its indefiniteness.

■ In cases reviewed *de novo*, when this Court is of the opinion that the Trial Judge has erred in his findings, it is our

duty to enter the decree which equity, the law and evidence requires. Freeman v. Martin Robowash, Inc. (1970 W.S.), 61 Tenn.App. 677, 457 S.W.2d 606. However, in this case we are unable to do so for the reason that in denying the plaintiff the home, a whole new set of financial circumstances and problems are presented and we have not the proof before us to equitably decide the matter. Moreover, the record does not indicate the net income of the defendant.

The proof shows in this case that plaintiff operated a beauty shop out of the home, and income is derived by her chiefly from neighborhood sources. Plaintiff maintained, and we think not unreasonably, that if she is forced to move she will incur moving expenses and suffer the loss of most of her customers. In effect she will have to start all over again at a new location.

As to the matter of child support, the disposition of the home will change the financial status of each party.

As to the furniture, we know of no way to divide it under the proof.

We therefore hold that so much of the decree that awards the divorce to plaintiff is affirmed. So much of the decree that awards the home to plaintiff, fixes the amount of child support and divides the furniture is reversed; but all other awards are affirmed.

The cause is remanded to the Circuit Court of Hamblen County for the fixing of such sum as it may deem appropriate, if any, as an award to plaintiff of alimony *in solido* or *in futuro,* at its discretion, under all the circumstances; but the home purchased by Mr. Newberry prior to the marriage is not to be awarded to plaintiff. A lien, however, may be declared by the Court, in its discretion, on the home as security for the payment of any *in solido* award. The cause is also remanded for the purposes of fixing a reasonable amount of child support under the circumstances

and for a proper division of the furniture of the parties. Until such hearing on the remand, the plaintiff shall continue to occupy the home, and the child support payments as previously adjudged shall continue to be paid.

The cost below and the cost of appeal is adjudged against the appellant and the surety on his bond.

CARNEY, P. J., and MATHERNE, J., concur.