Linda Darlene STANFILL,
Plaintiff/Appellee,

v.

Jeffrey Keith STANFILL,
Defendant/Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Sept. 30, 1987.

Application for Permission to Appeal
Denied by Supreme Court
Dec. 21, 1987.

Frank J. Runyon, Clarksville, for defendant-appellant.

Roger A. Maness, Clarksville, for plaintiff-appellee.

## OPINION

TODD, Presiding Judge.

In this divorce case the defendant-counter-plaintiff husband has appealed from a judgment that both the complaint and counterclaim be dismissed.

### The Pleadings

The complaint of the plaintiff-wife alleges:

The parties were married on June 28, 1980, are not yet separated and have two children, aged 3 and 5. The grounds of divorce are irreconcilable differences.

The answer of the defendant-husband denies irreconcilable differences and prays for dismissal of the complaint.

By subsequent petition the wife requested a restraining order to prevent the husband from coming about her except for child visitation, for support pendente lite, and a restraining order to prevent the husband from interfering with her custody of the children.

Husband then filed a "cross-complaint" (counterclaim) charging cruel and inhuman treatment, adultery, unfitness to care for children and mismanagement of finances, praying for an absolute divorce, custody of children, and an order restraining the creation of further debts.

Wife then amended her complaint to charge cruel and inhuman treatment.

The husband's answer to the amended complaint was a denial of the charge therein.

The wife then moved to amend her complaint to charge adultery, but there is no evidence of any ruling upon her motion. At the beginning of the trial, counsel for the wife moved to amend to include misconduct which "developed over the weekend", and the Trial Judge ruled orally as follows:

> Well, the Court would just say this, it will allow the amendment. If it develops that it's a spurious ground and there was nothing that came up over the weekend, it will strike it.

There is no other indication of the subject matter of the oral amendment and its ultimate disposition.

### The Evidence

The wife testified in material substance as follows:

The first serious problem in the marriage occurred in 1984 at the time of her second pregnancy and related to finances and discipline of the first child. Wife "put on a lot of weight". Husband started spending more time away from home, and started sleeping with the older child. In September, 1985, the parties argued over taking the baby to a doctor and husband called wife stupid, kicked her, packed his clothes and left. He returned to the home in the same month. Thereafter, on one occasion he came home after midnight, drunk. At this time there was no "relationship" between the parties. Husband spent a lot of time across the street at a neighbor's home. Wife desired to go to work, but husband insisted she stay home with the children. In January, 1986, wife started working two nights a week at a restaurant owned by husband's parents. In March, 1986, the parties were not getting along and sleeping separately, husband called the baby a bitch and shoved a table "at me and Brittany" and told the older child that his mother did not love him. Thereupon wife filed the present action. Thereafter, wife talked to a man at her employment but had no affair with him. Husband accused him of "messing around with his wife" and threatened to take the children away from her. In May 1986, wife started seeing the man socially, going to places of amusement, and having sexual relations. Wife last saw the man on October 11, 1986. The relationship was not continuing at the time of trial. Wife has had no romantic involvement with other men. Beginning in January, 1986, husband received phone calls from women. Wife saw husband's truck at a policewoman's home at about 6:30 p.m. Wife saw husband's truck at the same woman's house all night. Wife saw husband with the woman in a vehicle and saw him unloading groceries at her home. Wife saw the family dog tied in the yard of the same home. Husband has smoked pot. Wife gave a deposition in this case but it was not all true. Wife had been told to deny everything. Wife took a trip to Redbud, Illinois, with her former paramour, leaving the children with a relative. During the trip wife and her paramour slept together. Husband talked bad to wife but didn't hurt her. Wife has no knowledge of involvement with any woman except the police woman. Wife has been drunk probably once in the last six months. Wife has smoked pot. Husband told her that whenever he heard sirens or went to an accident he prayed that the wife was involved.

Husband testified in material substance as follows:

Beginning in September, 1986, he started seeing and having sexual relations with the police woman. He plans to marry her. Prior to September, 1986, he had no affair with any other woman. Wife was irresponsible in finances. Wife is not able to "cope" with the children and has threatened suicide.

Tammy Shanks testified that she had heard the husband tell the son in the presence of the wife that wife was going to f___ her boyfriend and that she was a bitch and a whore. Witness saw husband push wife causing her to fall to the ground. Witness has "baby-sat" for wife all night on several occasions.

Other witness testified in partial corroboration of the testimony of husband and wife.

## The Judgment of the Trial Court

The judgment of the Trial Court reads as follows:

This cause came on to be further heard before Honorable Alex W. Darnell, Chancellor, on January 16, 1987, the original hearing have been on October 27 and 28, 1986.

This Court was of the opinion that at the conclusion of the hearing that it could not award a divorce to either party. The Court allowed counsel for both sides time to research and present to the Court any law they or either of them felt might be applicable in awarding an absolute divorce.

On behalf of JEFFREY KEITH STANFILL, a Brief was filed.

The Court is of the same opinion as it was at the conclusion of the proof, and it is therefore ordered that both actions be,

and they are hereby dismissed with costs taxed equally against the parties.

All of the above is ORDERED, ADJUDGED, and DECREED by the Court.

## Issues on Appeal

The husband presents a single issue for review as follows:

Whether the trial court erred in dismissing Defendant–Appellant's cross action for an absolute divorce, custody of the parties' two (2) minor children, and division of the real and personal property of the parties.

The wife presents the issues on appeal as follows:

I. Whether the trial court erred in dismissing the plaintiff/appellee's entire complaint for absolute divorce and in failing to grant plaintiff/appellee a divorce on grounds of cruel and inhuman treatment.

II. Whether the trial court erred in failing to grant plaintiff/appellee custody of the parties' two (2) minor children.

## The Applicable Law

■ T.C.A. § 36–4–101 lists the statutory grounds for absolute divorce, including adultery and irreconcilable differences.

T.C.A. § 36–4–102 lists the statutory grounds for absolute or limited divorce in the discretion of the court, including cruel and inhuman treatment.

T.C.A. § 36–4–102 provides that no divorce shall be granted on grounds of irreconcilable differences unless the court shall affirmatively find in the decree that the parties have made satisfactory provision by written agreement for custody of children and property rights of the parties.

T.C.A. § 36–4–112 provides that, if the assigned cause for divorce be adultery, it shall be a good defense that the plaintiff has been guilty of "like act or crime".

T.C.A. § 36–4–120 provides that, if the cause assigned for divorce be any one of those stated in § 36–4–102 (cruel and inhuman treatment) the defendant may prove ill conduct of the plaintiff as a justifiable cause for the conduct complained of.

Adultery of the plaintiff is a complete bar to an action for divorce on grounds of adultery. *Moore v. Moore,* 102 Tenn. 148, 52 S.W. 778 (1899).

Grounds of divorce and defenses to divorce actions are purely statutory. Recrimination is a defense only to a complaint based on adultery. Otherwise, ill conduct of the plaintiff is a defense only if it constitutes justifiable cause for the conduct alleged in complaint. *Chastain v. Chastain,* Tenn.1977, 559 S.W.2d 933.

A court can grant a divorce on the ground of cruel and inhuman treatment notwithstanding the fact that both parties committed adultery. *Fox v. Fox,* Tenn. 1984, 676 S.W.2d 956.

Where one party has been guilty of misconduct, indiscretions of the mistreated party, committed after first misconduct, cannot be "justifiable cause" for the misconduct which preceded the indiscretion. *Bush v. Bush,* Tenn.App.1984, 684 S.W.2d 89.

## Findings of Fact

■ This Court finds from the evidence above summarized that husband was guilty of misconduct in spending a lot of time away from home and abandoning the marriage bed during and since his wife's second pregnancy, by coarse, crude,, abusive language, and physical abuse; that such conduct was not justified by any misconduct of the wife; and that such misconduct constitutes cruel and inhuman conduct within the meaning of T.C.A. § 36–4–102.

The wife has not been guilty of such cruel and inhuman behavior as would entitle the husband to a divorce.

Both parties have been guilty of marital infidelity.

## Conclusions of this Court

The judgment of the Trial Court dismissing the cross claim of the husband, Jeffrey Keith Stanfill, is affirmed.

The judgment of the Trial Court dismissing the complaint is reversed, and the plaintiff, Linda Darlene Stanfill, is granted an

absolute divorce from Jeffrey Keith Stanfill.

All costs, including costs of this appeal, are taxed against the appellant, Jeffrey Keith Stanfill.

The cause is remanded for entry of a judgment in accordance with this opinion and for further appropriate proceedings including adjudication of child custody, support and equitable division of property.

Affirmed in part, reversed in part, remanded.

CANTRELL, J., and LLOYD TATUM, Special Judge, concur.