IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2002

## TYRONE STERLING v. LOLITA R. (STERLING) WILLIAMS

**Appeal from the Chancery Court for Montgomery County**
**No. 99-04-0091     Michael R. Jones, Judge**

---

**No. M2002-00352-COA-R3-CV - Filed January 28, 2003**

---

The Chancery Court of Montgomery County awarded Tyrone Sterling a divorce from Lolita R. Sterling and custody of the parties' minor child. Ms. Sterling asserts on appeal that the division of the marital property violated the automatic stay issued in her bankruptcy proceeding, and that the court erred in granting Mr. Sterling the divorce and custody of the child. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, joined.

Roland Robert Lenard, Clarksville, Tennessee, for the appellant, Lolita R. (Sterling) Williams.

Sheri S. Phillips, Clarksville, Tennessee, for the appellee, Tyrone Sterling.

**OPINION**

**I.**

The parties married on March 31, 1988 and the wife entered the U.S. Army a month later. Their only child was born on November 28, 1990 while the mother was stationed at Fort Polk, Louisiana. Ms. Sterling spent five years in Germany and then returned to Fort Campbell, Kentucky. Mr. Sterling followed Ms. Sterling from post to post, taking care of the child and working at various jobs in the cities where Ms. Sterling was stationed. After Ms. Sterling returned to Fort Campbell in 1996, the parties acquired a home in Clarksville.

Early in 1999 the parties were suffering through marital problems. After one altercation Ms. Sterling was arrested and ordered to live on the base and to complete an anger management course. Mr. Sterling filed a complaint for divorce on April 16, 1999, alleging irreconcilable differences and

inappropriate marital conduct as grounds. Ms. Sterling filed an answer simply denying the allegations in the complaint.

While the suit was pending Ms. Sterling obtained an ex parte restraining order prohibiting Mr. Sterling from contacting any of Ms. Sterling's superiors for the purpose of complaining or harassing her. When Ms. Sterling stopped the government from paying the mortgage on the house from her Basic Housing Allowance, Mr. Sterling did contact the base to have the payments restored.

Also while the suit was pending Ms. Sterling filed for bankruptcy. Although she did not file any pleadings in the trial court to that effect, her attorney mentioned the bankruptcy in his opening statement at the final hearing. But the only observation he made was, "[s]o it's not clear to me what, if anything, Your Honor can do with regard to these issues of alimony and et cetera."

In its final order the court awarded Mr. Sterling a divorce on the ground of inappropriate marital conduct. The court also awarded Mr. Sterling forty percent of Ms. Sterling's military retirement pay based on twelve years of service (the number of years of the marriage). Mr. Sterling received the marital home, which Ms. Sterling had disclaimed in her bankruptcy, and the parties were given joint custody of the child, with primary physical custody given to Mr. Sterling. Ms. Sterling was ordered to pay $500 per month in child support. The court denied any rehabilitative support for Mr. Sterling and divided the remaining marital property.

## II.

In Ms. Sterling's first issue on appeal she asserts that the court violated the automatic stay of the bankruptcy court when it divided the marital assets and awarded Mr. Sterling part of her retirement pay. Implicit in the argument – although not stated, and no authority is cited for the proposition – is the idea that any attempt to deal with the bankrupt's property in violation of the automatic stay is void. There is abundant authority to that effect. *See* 9B Am. Jur. 2d *Bankruptcy* § 1756 (1999).

There is, however, authority to the contrary – especially when the debtor unreasonably withholds notice of the stay or uses the stay unfairly as a shield to avoid an unfavorable result. *Id.* And the automatic stay is not absolute; the bankruptcy code itself contains a list of exceptions. *See* 11 U.S.C. § 362(b). Perhaps the most important exception in a domestic case is the exception for establishment of paternity or the establishment, modification or collection of alimony, maintenance, and support.

Under the circumstances of this case, we do not think the appellant has shown that the divorce decree is void. If the appellant had raised the jurisdictional issue as a defense instead of simply mentioning it in opening argument, the issue could have been litigated and the various exceptions to the automatic stay could have been explored. We acknowledge that the subject matter jurisdiction of the court may be raised at any time, *see* Tenn. R. Civ. P. 12.08, but under this record the lack of jurisdiction has not been established.

## III.

Ms. Sterling also insists that she was prejudiced by the trial court's failure to hold Mr. Sterling in contempt for contacting an official at the base to reestablish the house payment from Ms. Sterling's housing allowance. We fail to see, however, how the failure to find Mr. Sterling in contempt affected Ms. Sterling's rights.

But beyond the merits of the argument, we think the record shows that the temporary restraining order had expired before Mr. Sterling allegedly violated it. The restraining order was signed by the chancellor on April 28, 2000 and the motion to hold Mr. Sterling in contempt was filed on November 8, 2000. The allegations in the motion stated that Mr. Sterling had "recently" contacted Ms. Sterling's employer.

Tennessee Rule of Civil Procedure 65.03 provides that every restraining order granted without notice "shall expire by its terms within such time after entry, not to exceed fifteen days . . . ." Although the order entered did not have that provision, we are convinced that the order expired fifteen days after April 29, 2000 since there is no indication in the record that the court ever extended the order.

## IV.

Ms. Sterling also complains about the court's award of the divorce to Mr. Sterling and asserts that that fact contributed to the loss of custody of the child.

After a review of the record, we find sufficient evidence to establish the ground of inappropriate marital conduct. Ms. Sterling physically attacked her husband and belittled Mr. Sterling's job and his other responsibilities, even though he provided most of the care for the minor child. She was abusive, course, and demanding, while disclaiming her own responsibilities for the child when it suited her to do so. The grounds for divorce have been established. *See Stanfill v. Stanfill*, 742 S.W.2d 267 (Tenn. Ct. App. 1987); *Acree v. Acree*, 447 S.W.2d 108 (Tenn. Ct. App. 1969).

## V.

Finally, Ms. Sterling comes to the real point to her appeal: the custody of her daughter. But her argument on this point is almost totally irrelevant. Her one relevant argument asserts that the court ruled against her because she is a soldier on active duty with the U.S. Army. But the evidence she cites for this proposition, that the court recited the proof showing that she has to be at physical training at 6:30 in the morning, reflects a scheduling issue not a career choice issue. It would have equal weight in a non-military setting.

We have conducted our own review of the record and find that the trial court performed a thorough and painstaking analysis of the various factors to be considered before awarding primary custody to Mr. Sterling. Since a custody determination is ordinarily left to the trial court's discretion, *Sherrod v. Wix*, 849 S.W.2d 780, 784 (Tenn. Ct. App. 1992), the appellant's burden on appeal is to show how the trial court abused that discretion. Since the appellant has not attempted to do that in this case, and we find no abuse of discretion, we affirm the award of primary custody to Mr. Sterling.

The judgment of the lower court is affirmed, and the cause is remanded to the Chancery Court of Montgomery County for any further proceedings necessary. Tax the costs on appeal to the appellant, Lolita R. Williams.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.