RAILWAY COMPANY *v.* SEYMOUR, Adm'rx.

(*Knoxville.*    September Term, 1904.)

**LOST RECORD.** Best secondary evidence of, is full transcript from court where final judgment is entered. Case in judgment.

The plaintiff brought this suit more than one year after the right of action accrued and, in order to avoid the bar of the statute, averred in her declaration that she had instituted suit within the time limited in which, on removal to the federal court, was dismissed, and that this action was within one year of such dismissal. The original papers in the first suit in the State court were lost and plaintiff was permitted, over specific objections of defendant, to supply them by oral testimony and a transcript of the federal court judgment of dismissal.

*Held:* The objections should have been sustained because:

1. The record of the federal court, where the final judgment was entered, was the primary evidence of the contents of the whole record, and a transcript thereof the best secondary evidence.

Cases cited: Rhea v. McCorkle, 11 Heisk., 416; Lane v. Jones, 2 Coldwell, 322; Pharis v. Lambert, 1 Sn., 228; Bates v. Russell, 5 Sn., 222.

2. The transcript of the federal judgment of dismissal was only a part of the record to be proved.

Cases cited: Willis v. Louderback, 5 Lea, 562; Bradley v. White, 4 Baxter, 382

---

FROM UNION.

---

Appeal in error from the Circuit Court of Union County.—G. M. HENDERSON, Judge.

JOUROLMAN, WELCKER & HUDSON, and D. D. ANDER-
SON, for Railroad.

JOHN P. RODGERS, J. O. SHARP, TEMPLETON & LIND-
SAY, for Seymour.

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

This action was brought by Arminda Seymour as ad-
ministratrix, in the circuit court of Union county, to re-
cover damages for the death of her intestate, caused by
the wrongful act of the plaintiff in error, and is the sec-
ond suit begun by her for that purporse. The first suit
was brought in the same court, and removed by the rail-
way company to the circuit court of the United States
for this district upon the ground of diverse citizenship,
where she dismissed it more than one year after the ac-
tion accrued.

It is averred in the declaration, in order to avoid the
bar of the statute of limitations, that the first suit was
brought within one year after the action accrued, and
the present one within one year after the dismissal of
the former in the federal court.

The defendant in error, for the purpose of proving
these material averments, was allowed to introduce pa-
rol evidence of the contents of the original papers filed
in the first suit in the circuit court of Union county, the
originals being lost or mislaid, and a transcript of the
federal court judgment of dismissal, over the objections

of the plaintiff in error that the primary and best evidence of the record of the former suit was the record in the circuit court of the United States where the final judgment in it was entered, or, if mistaken in this, that that record was the best secondary evidence of the contents of the lost papers in the State court, and must be produced or accounted for before parol evidence could be admitted; and that the copy of the judgment dismissing the case in the federal court was only a part of the record in the case.

These objections should have been sustained.

When it appears that a transcript of a lost record, previous to its loss, in a proceeding authorized by law, has been filed in another court, and this is known or should be known to the party offering to prove the record, the presumption is that it remains in that court, and it is the best secondary evidence of the contents of the original record, and must be produced, or its absence explained, before parol evidence can be heard. *Rhea* v. *McCorkle,* 11 Heisk., 416; *Lane* v. *Jones,* 2 Cold., 322.

The other objection to this evidence is the controlling one. The record in the federal court is the primary evidence of the former suit, and all other evidence of it is secondary. The record of the court where the final judgment in any case is entered, whether that court obtained jurisdiction by a change of venue, transfer from some other court on account of the incompetency of the presiding judge, removal from a State court under the act of congress, as in this case, or by proceedings in error,

is the primary evidence of the contents of the whole record, and a transcript of it must be produced, or its absence accounted for, before any other evidence, even the original papers in the court where the suit was brought, can be introduced to establish or prove its contents. This is nothing more than an application of the elementary rule that the best evidence of which a case in its nature is susceptible must be produced. 1 Greenleaf on Evidence, section 82; *Pharis* v. *Lambert*, 1 Sneed, 228; *Bates* v. *Russell*, 5 Sneed, 222; Elliott on Evidence, sections 16, 205.

The condition of the record at the time the case was finally disposed of can only be shown by the record of that court.

It often happens that portions of the record made in the court of original jurisdiction are changed by amendments which the minutes of the court of final judgment do not fully show, and a full and correct record of the case can only be obtained from the court entering final judgment.

There is no rule of the common law, or statute, providing for the certification of portions of a record by clerks of the different courts in which a case has pended. It is true that the clerk of each court may certify to the correctness of a transcript of the record therein, but no one is authorized to certify that the transcripts from the several courts are of the same case, or constituted the entire record in the case.

Railway v. Seymour.

The transcript of the judgment of the federal court was also incompetent, because only a part of the record to be proved. *Willis* v. *Louderback,* 5 Lea, 562; *Brady* v. *White,* 4 Baxt., 382.

This incompetent evidence being excluded, there is no evidence in the record to prove that the first suit was brought within one year next after the cause of action accrued, and this one within one year after that was dismissed.

For these errors, and others disposed of orally, the judgment of the circuit court must be reversed, and the case remanded for a new trial.