LUCY C. WINSLOW *v.* HENRY M. WINSLOW.*

(*Knoxville.* September Term, 1915.)

1. DIVORCE. Alimony. Award in solido. Statute.

Under Shannon's Code, section 4222, providing that the court may decree to the wife such part of the husband's real and personal estate as it may think proper, where an absolute divorce was awarded a wife for abandonment against her husband, worth some $170,000, the husband having been the more to blame in their difficulties, an award to the wife of $200 a month alimony cannot stand, and she will be decreed $50,000 *in solido.* (*Post, pp.* 665-670.)

Cases cited and approved: White v. Bates, 89 Tenn., 570; Watson v. Campodonico, 3 Higgins, 698.

Cases cited and distingushed: Chenault v. Chenault, 37 Tenn., 248; Boggers v. Boggers, 65 Tenn., 299.

Codes cited and construed: Secs. 4221-4223 (S.).

2. DIVORCE. Allowances. Attorneys' fee.

Attorneys for the wife in her successful suit for absolute divorce against her husband were entitled to a fee of $5,000 from the husband though they could have procured a divorce upon the ground of abandonment alone with very little trouble, but in fact charged cruel and inhuman treatment and infidelity as well. (*Post, pp.* 670, 671.)

3. DIVORCE. Allowances. Attorneys' fee.

Attorneys' fees are treated as part of the expenses incident to a divorce case, and are generally allowed the wife, whether complainant or defendant, both upon the successful termination of her suit for divorce, as well as for services *pendente lite.* (*Post, p.* 671.)

Case cited and distinguished: Shy v. Shy, 54 Tenn., 125.

*As to the amount of permanent alimony on absolute divorce see note in 44 L. R. A. (N. S.), 998.

As to husband's liability for services rendered his wife in divorce suit, see notes in 24 L. R. A., 629; 13 L. R. A. (N. S.), 244; L. R. A., 1915C, 467.

FROM ROANE

Appeal from the Chancery Court of Roane County.—
HUGH G. KYLE, Chancellor.

JOUROLMON & WELCKER, for appellant.

H. M. CARR and WRIGHT & JONES, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

The complainant filed a bill for divorce against defendant, charging him with adultery, cruel and inhuman conduct, and abandonment. An answer was filed by defendant and an immense amount of proof taken. Upon the hearing the chancellor found that the first two charges were not sustained by the proof, but granted a decree for absolute divorce to the complainant on the ground of abandonment. The chancellor also decreed an allowance of $200 per month alimony in favor of complainant, and $5,000 attorney's fees.

The complainant has appealed, objecting to this allowance of alimony and to the form in which it has been allowed, she insisting on a lump sum, and she also objects to the amount allowed as attorney's fees.

The defendant has filed the record for a writ of error, and insists· that the allowance for alimony is too much, and also insists that the allowance to attorneys for complainant is excessive.

The Winslows were married in 1884 in Kentucky, having removed to Harriman, Tennessee, about 1903. The proof in this case covers the period of their married life. Both parties have exhibited a singular lack of delicacy, and have revealed and elaborated the most intimate details of their domestic relations. We have discussed these things in an oral opinion, and they will not be referred to here. We find the greater blame to attach to the husband in the matrimonial difficulties of these parties.

The principal question to be determined in this court is the amount and form of alimony. There is no appeal from that part of the chancellor's decree granting complainant a divorce; but, inasmuch as alimony is affected by the conduct of the parties and is proportioned to some extent according to their respective merits, we have found it necessary to consider the proof in all its aspects.

A reference was ordered by the chancellor to determine the net value of the defendant's estate. The master thought this to be $166,517.68. The chancellor thought the net value of the estate was $178,765.28. The master and the chancellor concurred on the great majority of items, and we take it to be settled by this concurrent finding that the net value of defendant's estate is around $170,000, and we will so value it in disposing of the question of alimony.

Our statutes on the subject of alimony are contained in Shannon's Code, sections 4221-4223, inclusive. They are as follows:

Sec. 4221. "Whether the marriage be dissolved absolutely or a perpetual or temporary separation be decreed, the court may make an order and decree, for the suitable support and maintenance of the complainant and her children, or any of them, by the husband, or out of his property, according to the nature of the case and the circumstances of the parties."

Sec. 4222. "And in such case the court may decree to the wife such part of the husband's real and personal estate as it may think proper. In doing which, the court may have reference to the property which the husband received by his wife at the time of the marriage, or afterwards, as well as to the separate property secured to her by marriage contract or otherwise."

Sec. 4223. "The court may enforce its orders and decrees by sequestering the rents and profits of the real estate of the husband, if he has any, and his personal estate and choses in action, and by appointing a receiver thereof, and from time to time causing the same to be applied to the use of the complainant and her children, or by such other lawful ways and means as are usual and according to the course and practice of the court, as to the court, shall seem meet and agreeable to equity and good conscience."

It is to be observed that under our statutes the court is expressly authorized to decree to the wife such part of the husband's real and personal estate as it may think proper.

The practice in Tennessee for many years has been to award alimony *in solido,* upon the granting of an

absolute divorce, rather than to award to the wife a monthly or yearly allowance, payable by the husband.

In *Chenault* v. *Chenault,* 37 Tenn. (5 Sneed), 248, the court held that in case of a divorce from bed and board it was the duty of the court to set apart to the wife an allowance in money sufficient to support her as long as the marriage relation existed, the payment of this allowance to be charged on the husband's estate during the separation. But the court further said:

"In case of a divorce *a vinculo,* which extinguishes the marriage relation, and leaves the parties as if the marriage had never taken place, a very different rule prevails. In the latter case, the duty of maintenance, on the part of the husband, is at an end, as much as if the dissolution had been effected by the death of the wife. The course generally is to make a reasonable division of the husband's estate, and to vest in the wife absolutely a specific portion thereof. Such is the rule prescribed by the act before referred to." *Chenault* v. *Chenault,* supra.

In *Boggers* v. *Boggers,* 65 Tenn. (6 Baxter), 299, the court said:

"The principle decided in *Chenault* v. *Chenault,* 5 Sneed, is certainly correct; that is, that where the divorce is only from bed and board, the married relation still subsists, and the husband is still bound to maintain his wife, and this duty the court may, from time to time, enforce; but where the divorce is from the

bonds of matrimony, the obligation of the husband to support the wife no longer subsists, and no order or decree can be made upon the husband to bind his future services or earnings. In such case the court can only give the wife a decree for part or all that the defendant then owns, according to the circumstances.''

In *White* v. *Bates,* 89 Tenn., 570, 15 S. W., 651, the same rule was recognized. Such has been the practice in Tennessee, and there is no occasion to depart from it in the case before us.

The relations between these two parties are unfriendly. If we undertake to have a periodical allowance, paid by the defendant to the complainant, the collection of the installments will no doubt occasion future disturbances. Moreover, the payment of an allowance to the complainant in the manner decreed by the chancellor is merely granting to her a life estate at best, and we see no reason why the very substantial alimony to which we think she is entitled in this case, absolutely, and in fee so far as the real estate is concerned, should be reduced to a life estate.

In addition to this, complainant's alimony should not be dependent upon the defendant's business fortunes. His property might be swept away. If a specific amount of this estate be decreed to her and she loses it, it is her own fault. At any rate, she desires her alimony in this form, and we think she is entitled to it under our statutes and the settled practice in Tennessee.

We do not find it worth while to review the authorities cited by learned counsel from other States as to the form in which alimony should be allowed. Each State has its peculiar statutes upon the subject, and the decisions from other States are of little service to us in construing our own acts.

In *Watson v. Campodonico,* 3 Higgins, 698, where this court affirmed the decree of the court of civil appeals, it appeared that the husband had no real estate nor any personalty except articles of trifling value. He did have an earning capacity, and, upon granting his wife a divorce, the chancellor ordered him to pay $8 per week toward her support. In subsequent proceedings this decree was attacked as void and beyond the jurisdiction of the court, but it was upheld in *Watson v. Campodonico,* and the court of civil appeals and this court sustained the said decree as valid.

Campodonico had no property which might have been decreed to the wife, and we thought under the facts in that case it was proper for the court to have made the order "for the suitable support and maintenance of the complainant and her children by the husband," under section 4221, Shannon's Code. Mr. Justice Buchanan dissented from this conclusion.

In so far as *Boggers v. Boggers,* and *Chenault v. Chenault,* supra, held that future earnings of the husband could not, under any circumstances, be bound, upon the granting of a divorce from the bonds of matrimony, we declined to follow those cases. We thought they did not take into account the express provisions

of Shannon's Code, section 4221. So we held that where the husband had no property, but did have an earning capacity, it was proper to charge that earning capacity and his future acquisitions with his wife's support upon granting her an absolute divorce.

Such procedure, however, is attended with inconvenience and is justified largely by the necessities of the situation, and where the husband has sufficient property at the time of the divorce, it is better to follow out settled practice and decree to the wife a specific portion thereof for her maintenance.

Under the facts of this case we think that the complainant is entitled to $50,000 alimony, and a decree will be entered in her favor against the defendant for that sum, to be secured and settled in partial payments as directed in memorandum for decree.

We think the chancellor reached the correct result as to attorney's fees, and that complainant's solicitors are entitled to a fee of $5,000. It is urged that they could have procured a divorce upon the ground of abandonment with very little trouble, as such an effort would not have been resisted, and that complainant and her counsel unnecessarily injected other issues into the case, and that counsel should not be compensated for their efforts to prove the charges not sustained by the chancellor.

We think there was evidence before the counsel for complainant to justify them in making the other charges against the defendant. Abandonment is a ground for absolute divorce within the discretion of

Winslow v. Winslow.

the court, and it was advisable that the other matters be included by complainant to strengthen her case in her effort to obtain a divorce *a vinculo*.

In Tennessee attorney's fees are treated as— "part of the expenses incident to the cause, and are generally allowed to the wife whether she be complainant or defendant, in a suit for divorce. They follow, and are usually adjudicated with, the allowance of alimony and costs to the wife, but are not in themselves the substantive objects of the litigation." *Shy* v. *Shy,* 7 Heisk. (54 Tenn.), 125.

Under our practice the wife's attorney's fees are treated just like her alimony. She is entitled to recover both upon the successful termination of her suit for divorce, as well as an allowance for such purposes *pendente lite.* Here again we may observe that we cannot follow the decisions of other States called to our attention, inasmuch as our practice in this matter is settled.

All the costs of the cause will be paid by the defendant, and he will not be allowed any credit for sums heretofore advanced by him upon the order of the chancellor for temporary alimony, expenses, etc.