CLEMENTS v. HOLMES et al.—120 S. W. (2d) 988.

Eastern Section at Knoxville.   May 7, 1938.

Petition for Certiorari denied by Supreme Court, October 15, 1938.

S. E. N. Moore, of Knoxville, for complainant.
Norman B. Morrell, of Knoxville, for defendants.

ADAMS, S. J. This is an appeal by defendant Clarence M. Holmes from an adverse decree of the Chancery Court of Hamilton County.

On May 25, 1934, in the case of Mertie C. Holmes v. Clarence M. Holmes, in the Juvenile and Domestic Relations Court of Knox County, a decree was pronounced awarding Mrs. Holmes an absolute divorce and exclusive custody of her minor daughter, Elinor Marion Holmes. The decree was entered on the records of that Court in Minute Book No. 5, pages 89-91, a certified copy of which was filed in evidence. Title to certain real estate was vested by said decree in Mrs. Holmes as alimony in solido, and any interest

that she may have had in certain other real estate belonging to defendant and situated at 5008 Rossville Boulevard in Hamilton County, was divested out of her and vested in Clarence M. Holmes, said real estate being further described as follows:

"Lot No. 8 in Block No. 1 in M. E. Stone's Sub-division East End, as shown by plat of record in the Register's office of said County, in Plat Book No. 6, Page 9, to which reference is here made. The line between Lots 7 and 8 being in the center of the wall not standing on said line."

It was further decreed that Clarence M. Holmes should pay to Mertie C. Holmes the sum of Twenty Dollars ($20) per month for the support and maintenance of her minor daughter for a period of ten years, and a lien was declared against the title to and income from said real estate situated at 5008 Rossville Boulevard, above described. An attorney's fee of Two Hundred Fifty Dollars ($250) was awarded Hal H. Clements, as Mrs. Holmes' solicitor in that cause, and a lien was declared against the title to and income from said real estate situated at 5008 Rossville Boulevard, above mentioned, to secure the payment of said fee by defendant, which lien was subject to the prior lien to secure the $20 per month awarded for the support of the minor child.

The original bill in the instant case was filed by Hal H. Clements against Clarence M. Holmes and Hamilton National Bank (the bank is not now involved in the cause), and prayed that the judgment of the Domestic Relations Court of Knox County in his favor for Two Hundred Fifty Dollars ($250) be made a judgment of the Chancery Court of Hamilton County, and that complainant be given a decree against Holmes for said sum, together with interest thereon from the date of said former decree, and that a lien be declared and enforced on the Rossville Boulevard property, above described, and that the property be sold for the purpose of satisfying the lien.

The defendant Holmes in this cause answered and denied all liability in the matter and all material allegations of the bill, and filed a cross-bill and prayed for a judgment against cross-defendant, Hal H. Clements, for Three Hundred Dollars ($300), being the amount alleged to have been collected by the said Hal H. Clements as a fee in the same cause, out of funds and property of the cross-complainant. Denial was made that any legal or proper decree was ever entered against him in the Juvenile and Domestic Relations Court of Knox County, but on the other hand, that said decree as entered was obtained through fraud and perjured testimony and was therefore void; that said decree was being contested because of the fraud and perjury, and denied that there was any legal, final, or just decree of any court upon which complainant could base his claim for Two Hundred Fifty Dollars ($250).

The fifth and sixth assignments of error are directed to the action of the court in permitting the introduction of said final decree for divorce with their pleading and as evidence, because the decree was not sustained by a certified copy of the entire record and proceedings upon which said decree was based, and also because the decree was not properly and legally certified by the Clerk of the Domestic Relations Court of Knox County, Tennessee, nor by the Judge of said court. The determination of these two assignments of error will dispose of defendant's first assignment of error directed to the action of the court in not sustaining a demurrer to the original bill on the ground that complainant should have filed a certified copy of the court proceedings, including the decree, with his original bill. This objection is based upon Section 9755 of Williams Tennessee Code (1934), which is as follows:

"In any litigation, certified copies of final judgments or decrees of any court of record may be used as evidence in such litigation, without said final judgment or decree being supported by the entire record upon which it is based; provided, that this statute shall not apply to litigation in which a direct attack is made on said judgment or decree and the proceedings upon which it is based, nor to litigation involving the validity of said judgment or decree; and provided further, that this statute shall not prevent any of the parties to the litigation from using as evidence in such litigation the entire record upon which said final judgment or decree is based (1919, ch. 130, sec. 1, Modified)."

Defendant contends that by his answer and cross-bill a direct attack is being made upon the decree of the Juvenile and Domestic Relations Court of Knox County, and that there is a direct attack being made upon the proceedings upon which said decree was based, and this litigation involves the validity of said decree.

In support of this contention defendant cites as authority the cases of King v. Cox, 126 Tenn. 553, 151 S. W. 58; Willis v. Louderback, 5 Lea 561; Smith v. Hutchison, 104 Tenn. 394, 58 S. W. 226; Railway Co. v. Seymour, 113 Tenn. 523, 83 S. W. 674; and Givens v. State, 103 Tenn. 648, 661, 19 Pickle 648, 661, 55 S. W. 1107. It is true that these cases all affirm the rule that it is error to permit a decree in another cause to be read in evidence, when objection is made upon the ground that the entire record should be produced, especially when the record is essential to make out the plaintiff's case. Under the authority of these cases defendant's objection to the introduction of the decree unaccompanied by a copy of the record would be good, but defendant overlooks the obvious fact that Chapter 130 of the Public Acts of the General Assembly of the State of Tennessee for the year 1919 as modified and carried into the Code at Sections 9755 and 9756, was passed for the express purpose of modifying the rule of evidence an-

nounced and approved in the above cases. The intention of the Legislature is clearly expressed in Section 9756 of the Code:

"Such certified judgment or decree shall have the same force and effect as evidence as it would have in case the entire record upon which it is based were filed with the judgment or decree, it being the intention to expedite the preparation of cases and save costs. (Ib., sec. 2, Modified.)"

In the instant case no direct attack is being made upon the decree of the Juvenile and Domestic Relations Court of Knox County. In the case of Jordan v. Jordan, 145 Tenn. 378, 239 S. W. 423, the Court had before it the question of what constitutes a direct attack on a judgment and in disposing of the question cites with approval the following authorities:

" 'If an action or proceeding is brought for the very purpose of impeaching or overturning a judgment, it is a direct attack upon it, such as a motion or other proceeding to vacate, annul, cancel or set aside a judgment, or any proceeding to review it in an appellate court, whether by appeal, error, or certiorari, or a bill of review, or, under some circumstances, an action to quiet title. On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral.' 23 Cyc., 1062.

"In 15 R. C. L., 839, Section 312, the author says:

" 'A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of the same in a proceeding instituted for that purpose. In general any statutory method for the purpose of avoiding or correcting a judgment is a direct attack, and it is usually held that a motion to open or vacate a judgment is a direct attack thereon, though it has been contended by some writers that such a motion, unless made during the term or within some time specified in a statute authorizing it, should be supported only by the record, and therefore should be regarded as a collateral rather than a direct attack. . . .'

" 'A direct attack upon a judgment is by appropriate proceedings between the parties to it, seeking for sufficient cause alleged, to have it annulled, reversed, vacated, or declared void.' 7 Ency. Dig. [Tenn. Rep., p. 647.]"

In 34 C. J. 522, par. 828, it is said:

"A proceeding to enforce a judgment is collateral to the judgment, and therefore no inquiry into its regularity or validity can be permitted in such a proceeding, whether it is a direct action on the judgment, or on a note given in satisfaction of the judgment, or

a proceeding to revive the judgment, or proceedings supplementary to execution. . . ."

■ The original bill was filed in this cause for the purpose of enforcing the former judgment of the Juvenile and Domestic Relations Court of Knox County, and is collateral to that proceedings. A direct attack upon the validity of a decree or judgment cannot be made in the defendant's answer to a bill filed for the purpose of enforcing the decree. Although defendant's cross-bill is not a direct attack upon the decree, if it could be so considered then the cross-complainant becomes the moving party and the burden of introducing the certified record including the decree would rest upon him.

■ There was no error on the part of the Chancellor in admitting as evidence the certified copy of the decree of the Juvenile and Domestic Relations Court of Knox County.

The second section of the sixth assignment of error challenges the decree because not properly and legally certified by the Clerk of the Juvenile and Domestic Relations Court of Knox County. The certificate in question is as follows:

"State of Tennessee

"County of Knox

"I, J. A. Shackelford Clerk of the Domestic Relations Court for Knox County, Tennessee, do hereby certify that the foregoing is a true, full and complete copy of the Final Decree of divorce granted in the case of Mertie C. Holmes vs Clarence M. Holmes, No. 1627 as same remains of record in my office in Minute Book No. 5, pages 89-90 and 91.

"In testimony whereof I place my hand and seal of office this 1st day of July 1936.

"J. A. Shackelford
" (Seal)                                                    Clerk"

■ This certificate appears regular in every respect, and there is no proof in the record that J. A. Shackelford is not the Clerk having custody of the records of the Juvenile and Domestic Relations Court of Knox County. In defendant's brief it is stated that the decree is signed by "J. A. Shackleford by (his deputy) Edgar W. Murray, Deputy Clerk." It is noted in the above quotation that the name "Shackelford" is erroneously spelled "Shakleford," and the name "Edgar W. Murray" is used when it should be "Edgar W. Merritt." It is probable that these mistakes made in defendant's brief give rise to the idea that there is no such Clerk. The certified copy of the decree introduced by complainant is certified in person by J. A. Shackelford. The other decree from which the erroneous quotation is taken appears later in the record and it is not disclosed by whom it was filed. In the absence of reliable

proof that J. A. Shackelford is not the Clerk it is to be conclusively presumed that he is the Clerk and keeper of the records.

Therefore the fifth and sixth assignments of error are overruled. As previously stated, this disposes of the first assignment of error, as it was not necessary for complainant to have filed with his original bill a certified copy of the record supporting the decree under consideration.

The second assignment of error is as follows:

"The court should have sustained the second ground of the demurrer and have required the original complainant to have alleged that he had not received his compensation for filing the divorce suit referred to."

The bill particularly alleges in the second section that defendant Holmes had not paid complainant the fee of Two Hundred Fifty Dollars ($250), nor any part thereof, but that the same is justly due from the defendant to complainant, together with interest thereon. There is no merit in this assignment of error, and it is accordingly overruled.

Appellant's third assignment of error is as follows:

"The trial court erred in over-ruling the motion to dismiss the petition filed by the said Mertie C. Holmes, said motion should have been sustained."

No particular reason is advanced nor authorities cited as to why the court was in error in overruling this motion. It is well settled that a third party having an interest in property in litigation may intervene and have her interest declared and rights enforced. Gibson's Suits in Chancery, Par. 794; Williams Tennessee Code (1934), Sec. 8623, and annotation following; Bank of McKenzie v. Manley, 13 Tenn. App. 630.

The petitioner Mrs. Mertie C. Holmes averred that the lien awarded her for the support and maintenance of her daughter was a superior lien to that of complainant Hal H. Clements, on both the real estate and the rents collected and accumulated in the hands of Hamilton National Bank. This contention was sustained by the Chancellor and the Three Hundred Dollars ($300) in the hands of the Hamilton National Bank was ordered paid over to petitioner as the natural guardian of her infant daughter, Elinor Marion Holmes, to be used for her benefit. There was no error in the action of the Chancellor in this regard, and this assignment is overruled.

Appellant's fourth assignment of error is as follows:

"The court erred in allowing petitioner, Mertie C. Holmes to withdraw from the register of the court $300.00 at the time and under the circumstances, and in declining to grant the defendant, Clarence M. Holmes an appeal from said order and in rescinding the order made at the time granting said appeal from his said action."

■ The proof showed that the property in question was vacant and out of repair, and that only $60 had been paid from the rents of said property to Mrs. Holmes, and that the Hamilton National Bank had been given a mortgage on said property by Clarence M. Holmes with the right to collect the rents and apply the same to the mortgage debt, and that the bank continued to collect said rents until the mortgage debt was paid and it had collected $300 in excess of the debt, which amount was paid into the Chancery Court of Hamilton County. At the time the intervening petition was filed by Mrs. Holmes the said Clarence M. Holmes was in arrears $660 on the $20 per month ordered paid for the maintenance of his minor daughter. After crediting the $300 paid to Mrs. Holmes, Collected as rents by the Hamilton National Bank, there was a deficiency of $360, which represented the whole of the balance due up to July 1, 1937. We find no error in the decree of the Chancellor in this regard. As to the action of the Chancellor in declining to grant the defendant an appeal from the order awarding the $300 to Mrs. Holmes, this was discretionary with the Chancellor and the defendant has not been prejudiced, as the cause is before this Court on a broad appeal. This assignment of error is overruled.

Appellant's seventh assignment of error is as follows:

"Finally the court erred in granting the relief to Hal H. Clements for his $250.00 fee, (duplicate) and allowing and sustaining a lien on defendant's property in Hamilton County, and in allowing Mertie C. Holmes to receive the rents and profits thereof and in taxing the defendant with the costs. He should have dismissed the respective claims and taxed the complainant and the petitioner with the costs."

■ It is contended by appellant that the lien of this decree has been lost because a levy and sale of the lands was not made within twelve months from the rendition of the decree, as provided by Sections 8043-8045 of Williams Code of Tennessee (1934). This was not a money judgment or such a decree as would support the issuance of an execution. The defendant was ordered to pay the $20 per month to Mrs. Holmes for the support of their minor child, and to pay $250 to Mrs. Holmes' attorney, Hal H. Clements, and a lien was declared against the property on Rossville Boulevard in Hamilton County, and the rents therefrom, to insure the payment of said amounts. The decree further recites:

"It is further ordered, adjudged and decreed by the Court that the temporary injunction and the attachment attaching defendant's property and enjoining and inhibiting him from disposing of same is sustained and will continue against said property until defendant fully meets and satisfies this the Final Decree of the Court in this cause in so far as said Decree disposes of said property or declares a lien against defendant's property at 5008 ·

Rossville Blvd., Hamilton County, Tennessee, for the purpose of securing the monthly payments of alimony for the support of said minor child, Eleanor Marion Holmes, and for the payment of $250.00 to complainant's counsel of record, Hal H. Clements, and if and or when defendant completes the payment of said monthly alimony, and the payment of said attorney fee to said Hal H. Clements, then and in that event said injunction and attachment against said property shall automatically be dissolved, and said property released.''

This was a continuing, equitable lien, and the complainants had the right at any time the defendant failed to comply with the decree to come into a court of equity to seek its enforcement. This is not a lien for a money judgment or such other liens as contemplated under the above mentioned sections of the Code. We think the instant case is controlled by the reasoning of Chancellor Cooper in the case of Brown & Reid v. Bigley, 3 Tenn. Ch. 618.

In discussing the doctrine announced in Brown v. Bigley, supra, in the case of Milam v. Milam, 138 Tenn. 686, 691, 200 S. W. 826, 827, Mr. Justice Williams, speaking for the Court, said:

''An equitable lien, strictly speaking, is not a jus in re or a jus ad rem, but is the right to have the property subjected in a court of equity to the payment of the claim. It is a floating equity until action by the court is invoked.''

Under the Tennessee practice the wife's attorney's fees are treated as a part of the alimony awarded the wife. In the case of Winslow v. Winslow, 133 Tenn. 663, 671, 182 S. W. 241, 243, Ann. Cas. 1917A, 245, the Court said:

''In Tennessee attorney's fees are treated as—'part of the expenses incident to the cause, and are generally allowed to the wife, whether she be complainant, or defendant, in a suit for divorce. They follow, and are usually adjudicated with, the allowance of alimony and costs to the wife, but are not in themselves the substantive objects of the litigation.' Shy v. Shy, 7 Heisk. (54 Tenn.) 125.''

We concur in the finding of facts by the Chancellor, and his decree fixing a lien on the property in question, and this assignment of error is overruled.

We fully concur in all the facts as found by the Chancellor, and the decree pronounced is affirmed and the appeal dismissed, at appellant's cost. A Receiver having been appointed in the court below and the cause retained on the active docket for the purpose of making supplemental orders with reference to the receivership and the disposition of rents, and reserving the power to terminate the receivership and order the property sold in event the receivership fails to produce sufficient rental, the court expressly reserving the right to adjudicate further in these respects, the cause will be re-

manded to the Chancery Court of Hamilton County for the purposes as set forth in the decree.
Senter and Ketchum, JJ., concur.