Delores Ann COLEMAN,
Plaintiff-Appellee,

v.

Douglas Samuel COLEMAN,
Defendant-Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Feb. 4, 1981.

Certiorari Denied by Supreme Court
June 1, 1981.

P. Douglas Morrison and Thomas H. Dickenson, Morrison, Morrison & Morrow, Knoxville, for defendant-appellant.

R. M. Child, with Child, O'Connor, Ellis & Petty, Knoxville, for plaintiff-appellee.

## OPINION

SANDERS, Judge.

The threshold question on this appeal is whether or not the successful party in a divorce suit can be required to pay the attorney's fees for the unsuccessful party.

The Plaintiff-Appellee, Delores Ann Coleman, sued the Appellant, Douglas Coleman, for a divorce on the grounds of cruel and inhuman treatment. She also sought the custody of their two minor daughters, support for herself and the minor children, a division of the marital property and attorney's fees for her counsel.

The Defendant filed a cross-complaint seeking a divorce from the Plaintiff on the grounds of cruel and inhuman treatment and adultery. He also asked for custody of the children and that the title to the home,

which was in their joint names, be divested out of the Plaintiff and vested in him.

Upon the trial of the case the court awarded the Defendant and Cross-Complainant a divorce and dismissed the Plaintiff's and Cross-Defendant's complaint. He also awarded the custody of the minor children to the Defendant. He divided the marital property between the parties. He provided that the residence should be held as tenants in common but the Defendant would be permitted to live there until he remarried or the children reached their majority or became emancipated. Upon the happening of one of these events the property would be sold and the proceeds divided equally between the parties.

During the occupancy of the property the Defendant is required to make all mortgage payments on the home and pay the taxes and cost of maintenance of the property. Provided, however, if in the future the Plaintiff should gain custody of the children and has not remarried, then she can occupy the residence. The court also ordered the Defendant to pay Plaintiff's attorney a total of $500 attorney's fees.

The Defendant filed a motion asking the court to reconsider the requirements that he make the house payments and pay Plaintiff's attorney's fees. This motion was overruled and the Defendant has appealed, presenting the following issues:

"1. Whether the trial court's award of an attorney's fee to the losing party in the divorce action was improper?

"2. Whether the trial court's division of jointly held property amounted to an improper award of alimony to the losing party in the divorce action?"

We shall first consider Defendant's second issue. It was a well-settled rule in this jurisdiction before the amendment of T.C.A. § 36–826 in 1979 that a wife whose husband obtained a divorce was not entitled to alimony. T.C.A. § 36–826, as recently amended, provides that where the complaining party is granted a divorce defending party shall not be entitled to alimony except where the divorce is granted on irreconcilable differences under T.C.A. § 36–801 and the parties have entered into a property settlement agreement. We, accordingly, hold that the Plaintiff in the case at bar is not entitled to alimony. However, before we fault the court's decree, we need to determine whether or not the division of the property amounts to alimony for the Plaintiff. The pertinent part of the decree provides: "The house that the parties own shall continue to be owned as tenants in common with Douglas Coleman having the right to live there. He shall be required to make all house payments, pay the taxes and the upkeep on the house. At the earlier of the events of his remarriage, the children's emancipation, or their reaching majority, the house shall be sold and the proceeds split between the parties. In the event Delores Coleman regains custody of the children and has not remarried she shall have the use and possession of the residence."

There is no proof in the record as to the value of the residence or the amount of monthly payments on the mortgage. The Defendant testified he considered the equity in the property to be approximately $5,000. If the house were sold at this time and the proceeds divided, which the court could have ordered, the Plaintiff would receive approximately $2,500. We do not construe the order of the court to be intended for the benefit of either the Plaintiff or the Defendant individually but, since the right to occupy follows the custody of the children, he seems to have given consideration to providing a home for them. Nor do we construe the mandate of the decree for the Defendant to keep up the house payments and pay the taxes and upkeep as anything more than a price for the privilege of living there. There is no suggestion by the Defendant in his brief, nor was there in his motion for reconsideration, that the court order a sale of the property at this time, nor does he offer any other suggestion for a more equitable method of handling the property. We, accordingly, hold that this provision of the decree does not constitute alimony to the Plaintiff.

This brings us to consideration of the court's ordering the Defendant to pay a total of $500 to the Plaintiff's attorney. The record reveals that the Defendant had been ordered to pay Plaintiff's attorney's fees in the amount of $300 as a part of alimony *pendente lite* some time prior to the trial of the case on its merits. The Defendant insists that the award of attorney's fees in a divorce proceeding is treated as alimony and only the successful party is entitled to such an award. He cites the following authorities as supportive of his contention: *Crouch v. Crouch*, 53 Tenn.App. 594, 385 S.W.2d 288 (1964); *Clements v. Holmes*, 22 Tenn.App. 230, 120 S.W.2d 988 (1938); *Riley v. Riley*, 9 Tenn.App. 643 (1929); *Winslow v. Winslow*, 133 Tenn. 663, 182 S.W. 241 (Tenn.1916); and *Shy v. Shy*, 54 Tenn. 125 (1872).

The Plaintiff, however, relies upon the case of *Acree v. Acree*, 60 Tenn.App. 386, 447 S.W.2d 108 (1969), where the court said:

"Turning our attention first to assignment no. III complaining of the allowance of an attorney's fee to solicitors for complainant, we do not feel that this court should disturb this award whether the divorce decree is granted in favor of or against complainant. In *Humphreys v. Humphreys*, 39 Tenn.App. 99, 281 S.W.2d 270, this Court followed *Shy v. Shy*, 54 Tenn. 125, and *Winslow v. Winslow*, 133 Tenn. 663, 182 S.W. 241, in holding that attorneys' fees in divorce cases are to be treated as alimony pendente lite."

At first blush it would appear from reading the quote set out above that attorney's fees can be awarded to an unsuccessful as well as to a successful party and that attorney's fees are always treated as alimony *pendente lite.* However, we think that terminology is misplaced and the cases cited in that statement do not support such conclusion. Whether an unsuccessful party was entitled to attorney's fees was not at issue in the *Acree* case nor was the question of attorney's fees being treated as alimony *pendente lite* at issue. In the *Acree* case the wife had been awarded a divorce and alimony, together with attorney's fees.

The husband, on appeal, assigned the following error: "The chancellor erred in allowing appellee's attorneys the sum of $2,000 for their services less the credit of $150 paid in connection with the alimony *pendente lite* hearing." We agree with the results reached in the *Acree* case but we do not think it is controlling here. In holding it is not controlling we deem it appropriate to analyze the cases cited as supportive of the ruling. We will consider the cases in the sequence in which they were decided.

The case of *Shy v. Shy* was decided in 1872. The case involved attorney's fees awarded to the successful wife's counsel. As pertinent here, the court said:

"The terms of the decree remanding the cause do not expressly authorize the Chancery Court to make any decree in regard to fees of counsel. Such fees are part of the expenses incident to the cause, and are generally allowed to the wife, whether she be complainant or defendant, in a suit for divorce. They follow, and are usually adjudicated with, the allowance of alimony and costs to the wife, but are not in themselves the substantive objects of the litigation."

It will be observed that the court said the fees "are generally allowed to the wife whether she be complainant or defendant in a suit for divorce." It does not say, as in *Acree*, "whether the divorce decree is granted in favor of or against complainant."

The case of *Winslow v. Winslow* was decided in 1916. In that case the wife was awarded a divorce and alimony together with $5,000 attorney's fees. On appeal Justice Green wrote the opinion of the court and, after quoting in part as quoted above from *Shy v. Shy*, said:

"Under our practice the wife's attorney's fees are treated just like her alimony. She is entitled to recover both upon the successful termination of her suit for divorce, as well as an allowance for such purposes *pendente lite.* Here again we may observe that we cannot follow the decisions of other States called to our attention, inasmuch as our practice in this matter is settled."

Here it would be observed the court says that attorney's fees are treated just like alimony and will be awarded to the wife upon the successful termination of her suit, as well as allowance for such purposes *pendente lite.* It does not say, as in *Acree,* "to be treated as alimony *pendente lite.*"

The case of *Humphreys v. Humphreys* was decided in 1954. In that case the wife was awarded a divorce and alimony together with $2,000 attorney's fees. On appeal the court found that the divorce should be granted to the husband instead of the wife. In their disposition of the case they observed, "Section 8449 of the Code of Tennessee provides that where the decree is granted in favor of the husband the wife shall not be entitled to alimony." In remanding the case to the trial court for a division of marital property, it had the following to say about attorney's fees:

"The disposition made by this Court of the instant case will not affect, in any way, the $2,000 attorneys' fees allowed by the Circuit Court to the attorneys for the defendant and cross complainant. Attorneys' fees in divorce cases are treated as part of the alimony. *Shy v. Shy,* 54 Tenn. 125; *Winslow v. Winslow,* 133 Tenn. 663, 182 S.W. 241, Ann.Cas. 1917A, 245.

"The $2,000 attorneys' fees, heretofore allowed, to the attorneys for Mrs. Humphreys may properly be treated as alimony pendente lite."

Although the court said the attorney's fees "may properly be treated as alimony pendente lite," there is no inference to be drawn that all attorney's fees awarded in divorce cases should be treated in such fashion.

We have no quarrel with the way the court treated attorney's fees in the *Humphreys* case and think it was a proper disposition of the matter under the circumstances in that case. The fees had been allowed prior to its being determined that the husband was entitled to the divorce. The facts there were somewhat analogous to the case at bar. Here the court awarded $300 attorney's fees as alimony *pendente lite.* Those

fees were never paid and they were included in the $500 award. Since the $300 was a prior award and the decree making the award had become final prior to the ultimate determination of the case, we see no impropriety in the court's enforcing this award. However, the additional $200 was awarded after it had been determined that the husband rather than the wife was entitled to the divorce. The final decree has the following language relating to the attorney's fees: "Robert M. Child, Attorney for Delores Coleman shall be awarded a total of Five Hundred ($500.00) Dollars as attorney fee, which execution may issue and be paid by Douglas Coleman for services rendered the minor children herein." We are unable to reconcile the statement that the attorney's fees are "for services rendered the minor children herein." There was no request in the pleadings for attorney's fees for services rendered to the minor children. There is no proof in the record that any such services were rendered by Plaintiff's counsel. The original award of $300 was made some seven months prior to the final decree and no mention was made at that time of its being for anything other than the benefit of the Plaintiff. The only time attorney's fees were mentioned during the course of the proceeding was at the conclusion of the chancellor's rendering his memorandum opinion when the following colloquy transpired:

"MR. CHILD: Your Honor, I have requested an allowance of attorney fees. There's been no allowance made.

"THE COURT: None whatsoever?

"MR. CHILD: None whatsoever.

"THE COURT: He can have a total of $500.00. If there is an order for three, he don't get but two more. If there is no order for three, he gets five hundred. Are there any other issues?"

\*     \*     \*     \*     \*     \*

"MR. MORRISON: Bob, please appreciate in the vein that I say this, far be it from me to question the reasonableness of the amount of the fee, Judge, I ask you to simply clarify me on the law, why should

this husband that has proved these things today—

"THE COURT: Because I think it is within the discretion of the Court to—

"MR. MORRISON: He's got more than he can handle right now, Judge. We showed that to the Court with the affidavit.

"THE COURT: The award has been made and if you don't like it, you can appeal from it.

"MR. MORRISON: Yes, Your Honor."

We hold that under the pleadings, the proof and the law applicable to the case the court was without authority to award the additional $200 attorney's fees. The decree of the chancellor will be modified to allow the $300 attorney's fees which had been awarded under a decree that had become final prior to a determination that the husband was entitled to the divorce. To the extent that the decree of the chancellor is not modified, it is affirmed. The cost of this appeal is taxed to the Plaintiff.

GODDARD and FRANKS, JJ., concur.