**Larry Mason FOX, Plaintiff-Appellee,**

v.

**Olive Faith McCreary FOX, Defendant-Appellant.**

Supreme Court of Tennessee,
at Nashville.

April 25, 1983.

D. Russell Thomas, Peter V. Hall, Daniel, Burton & Thomas, Murfreesboro, for defendant-appellant.

Larry L. Roberts, Nashville, for plaintiff-appellee; Philip M. Carden, Nashville, of counsel.

## OPINION

DROWOTA, Justice.

We granted Appellant's application for permission to appeal in order to clarify the case law concerning attorneys' fees pendente lite. The Court of Appeals based its decision to deny additional fees pendente

lite upon *Coleman v. Coleman*,[1] which decision fails to cite and is in conflict with Rule 54.02 T.R.C.P.

On July 21, 1980, Mr. Larry Fox filed a complaint for absolute divorce and Mrs. Olive Fox counterclaimed. By decree entered June 18, 1981, Mr. Fox was granted an absolute divorce on the grounds of cruel and inhuman treatment. Prior to the final decree, on April 23, 1981, the Court allowed Mrs. Fox's attorney "$150 as attorneys' fees pendente lite" and "all other issues relating to alimony and attorneys' fees are reserved to the time of the final hearing."

At the final hearing, no additional attorneys' fees were allowed and Mrs. Fox complains that the trial court erred in failing to grant her additional attorneys' fees pendente lite.

The Court of Appeals in its decision pointed out:

> Alimony pendente lite, attorneys' fees and other litigation expenses will usually be allowed to the wife in a divorce action if she is prosecuting or defending the action in good faith and if she does not have separate property of her own which is adequate for her support and to defray the expenses of the suit.

The court then stated:

> [i]t has long been the rule that even where the divorce is awarded to the husband, attorneys' fees may be awarded to the wife as alimony pendente lite. *Acree v. Acree*, 60 Tenn.App. 386, 391, 447 S.W.2d 108, 111 (1960). *Humphreys v. Humphreys*, 39 Tenn.App. 99, 125–26, 281 S.W.2d 270, 282 (1954). Such is no longer the law in Tennessee as a result of *Coleman v. Coleman*, 621 S.W.2d 752 (Tenn. App.1981). In *Coleman* the wife was awarded $300 in attorneys' fees pendente lite. After awarding the divorce to the husband the trial court ordered him to pay a total of $500 in attorneys' fees to his wife. The husband appealed insisting that the award of attorneys' fees in a divorce proceeding is treated as alimony and only the successful party is entitled

to such an award. The Eastern Section of the Court of Appeals agreed. It affirmed only the original award of $300 in attorneys' fees because such fees had been awarded under a decree that had become final prior to a determination that the husband was entitled to the divorce, and reversed as to the remaining $200 of the award.

Based upon *Coleman,* the Court of Appeals concluded that:

> Under the rationale in *Coleman* we affirm the award of alimony and [$150] attorneys' fees pendente lite because such award became *final* prior to a determination that the husband was entitled to the divorce. That award was not appealed. This court is without the authority to award the wife any additional monies because the husband prevailed on the merits [emphasis added].

In *Coleman,* and in this case the Court of Appeals seems to place great emphasis on the fact that the attorneys' fees pendente lite "became *final* prior to a determination that the husband was entitled to the divorce," and therefore there was no impropriety in the court's enforcing that award. In *Coleman* the court stated that it "was without authority to award the additional $200 attorneys' fees." *Supra,* 621 S.W.2d at 756. Similarly, in this case the court concluded that it too was "without the authority to award the wife any additional monies because the husband prevailed on the merits."

It is interesting that in *Coleman* and *Fox* neither court refers to Rule 54.02 T.R.C.P., which rule deals with the procedure for entry of a final judgment where multiple claims for relief are involved. Rule 54.02 reads as follows:

> *Multiple Claims for Relief.*—When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to

---

1. 621 S.W.2d 752 (Tenn.App.1981).

one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 54.02 requires as an absolute prerequisite to an appeal the certification by the trial judge, first, that the court has directed the entry of a final judgment as to one or more but fewer than all of the claims, and, second, make an express determination that there is no just reason for delay. Such certification by the trial judge creates a final judgment appealable as of right under Rule 3 T.R.A.P. In the absence of such direction and determination by the trial judge, the order is interlocutory and can be revised at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all parties. *Stidham v. Fickle Heirs*, 643 S.W.2d 324, 325 (Tenn. 1982).

In this case multiple claims for relief were sought by Mrs. Fox, including her claim for an absolute divorce, alimony pendente lite and permanent, an equitable division of the property, and attorneys' fees pendente lite and permanent. Clearly, the order of April 23, 1981, allowing $150 attorneys' fees pendente lite had not become final and was subject to revision. In order for this interlocutory decree to have become final, the trial judge was required to (1) direct entry of a final judgment and (2) determine that there is no just reason for delay. The trial judge made no such direction or determination in his April 23

order[2]; in fact he specifically reserved the issue of additional attorneys' fees until the final hearing.

It was error in *Coleman* and in this case for the Court of Appeals to designate the trial court's interlocutory order as being final and not subject to revision. It was likewise error for the court in *Coleman* and *Fox* to conclude that the trial court was without authority to award additional attorneys' fees pendente lite.

An allowance for legal expenses, when appropriate, would include all proceedings up to and including trial. In this case there were several pre-trial motions and the three-day trial itself, which required legal services after the April 23 order and before the June 18, 1981, divorce decree.

It was established over a century ago that trial courts have wide discretion in requiring a husband to pay for the reasonable necessities of his wife, including expenses of divorce litigation. The right to an allowance of legal expenses is not absolute. It is conditioned upon a lack of resources to prosecute or defend a suit in good faith. This rule is to enable the wife, when destitute of means of her own, to obtain justice and to prevent its denial. *Thompson v. Thompson,* 40 Tenn. 527, 529 (1859). If a spouse does not have separate property of her own which is adequate to defray the expenses of suit, certainly she should not be denied access to the courts because she is unable to procure counsel.

It is unclear from the record whether Mrs. Fox has adequate means of her own to pay attorneys' fees and litigation expenses. The trial court made no determination on this question of fact. This cause is remanded to the trial court for a determination of whether additional attorneys' fees pendente lite are in order, and if so, whether Mrs. Fox has adequate means of her own to defray attorneys' fees pendente lite and the necessary expenses of suit.

2. The only means of appealing an interlocutory order would be pursuant to Rules 9 and 10, T.R.A.P., and such interlocutory appeals are discretionary with the appellate courts.

The judgment of the Court of Appeals as it relates to attorneys' fees pendente lite is reversed. The costs of this appeal are taxed to Appellee, Mr. Fox.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.