# IN THE COURT OF APPEALS OF TENNESSEE

## AT JACKSON

FILED

September 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

_____

| | |
|---|---|
| ROBBIE ANN STAVELY HENDRIX, | ) |
| | ) |
| Plaintiff-Appellee, | ) Madison Chancery No. 51335 |
| | ) |
| v. | ) Appeal 02A01-9712-CH-00303 |
| | ) |
| BILLY GENE HENDRIX, | ) |
| | ) |
| Defendant-Appellant. | ) |


APPEAL FROM THE CHANCERY COURT OF MADISON COUNTY
AT JACKSON, TENNESSEE


THE HONORABLE JOE C. MORRIS, CHANCELLOR


For the Plaintiff-Appellee:                     For the Defendant-Appellant:

Middlebrooks & Gray, P.A.                  James S. Haywood, Jr.,
Jackson, Tennessee                               Brownsville, Tennessee


**AFFIRMED AND REMANDED**


HERSCHEL P. FRANKS, J.


CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

## OPINION

In this divorce action, the Trial Judge granted the wife a divorce, ordered the defendant to pay alimony in the amount of $400.00 a month, and child support for one child in the amount of $750.00, and attorney's fees for the wife in the amount of $1,634.67. He also ordered the husband to pay certain debts of the marriage. On appeal, the husband seeks a reversal of the decree for alimony, payment of the marital debts and attorney's fees to the wife. He also seeks a reduction in the amount of child support awarded by the Trial Judge.

The parties have been married twice, first in 1969, divorced in 1977 and remarried in 1978, and separated near the end of 1993. One child at the time of the divorce was a minor, born on August 28, 1981. Also at the time of the divorce, the wife was residing at Brownsville, Tennessee, and the husband in California. At the time of the divorce the wife was earning a gross monthly income of $1,560.00, and the husband was not employed. He had a history of earning in excess of $5,000.00 per month, and the wife testified that the major indebtedness of the parties was due to the husband's purchases of an automobile, furniture and items for his personal use.

The Trial Judge set the alimony and child support based on the husband's earning capacity, which is authorized by statute. *See* Tennessee Code Annotated §36-5-101 *et seq.* Need, and the ability to pay are the principal criteria for awarding alimony. *Lloyd v. Lloyd*, 860 S.W.2d 409 (Tenn. App. 1993). Applying the factors set forth in Tennessee Code 36-5-101(d) for awarding alimony, we find the record supports the Trial Judge's award of alimony. The relative earning capacity of the parties is substantially unequal. The educational level of the parties is similar, but the husband's work, experience and training is superior. The parties are the same age and both are in good health and had a relatively long marriage. The Trial Judge found

the husband to be at fault for the breakup of the marriage. The wife testified that she and her daughter had monthly living expenses in excess of $2,700.00. The award of alimony was within the Trial Court's discretion, and we will not disturb this award on appeal.

After judgment was entered awarding child support, but before the judgment became final, the husband filed a motion to reconsider and attached a letter from an employer in California which states that the husband had been employed with that company and would be earning $40,000.00 per year. The husband offered no evidence at the time the motion was heard, and the Trial Judge overruled the motion. The award of child support is appropriate on the evidence in this record. The evidence before the Trial Judge established that the husband had a "earning capacity" in excess of $5,000.00 per month, and it is appropriate for the Trial Judge to use earning capacity as a gauge for setting support, unless the spouse can demonstrate that he or she can no longer earn that income through no fault of their own. We affirm the judgment of the Trial Court on the issue of child support. However, the husband is granted leave to reapply for a reduction if he can demonstrate, by a preponderance of the evidence, that he has acted in good faith and cannot find gainful employment that approximates in amount the history of his past earnings.

Finally, courts have the discretion to make awards to help a spouse to pay legal expenses and costs in a divorce case. *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983). Here, the wife lacked sufficient funds to pay her legal expenses. *See Houghland v. Houghland*, 844 S.W.2d 619, and she would either deplete her resources, or be required to borrow money to pay her legal bills. *See Harwell v. Harwell*, 612 S.W.2d 182, 185 (Ct. App. 1980). The amount of fees and costs is reasonable and the award was a proper exercise of the Trial Judge's discretion. The evidence does not preponderate against the Trial Court's findings. T.R.A.P. Rule 13(d).

We affirm the judgment of the Trial Court for the foregoing reasons, and remand with cost of the appeal assessed to appellant.


_____
Herschel P. Franks, J.


CONCUR:




_____
W. Frank Crawford, P.J.




_____
Alan E. Highers, J.