IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 18, 2006 Session

## ENNIX HAIRSTON, ET AL. v. LILLIAN B. NEWSOM

**Direct Appeal from the Circuit Court for Madison County**
**No. C-03-220      Roger A. Page, Judge**

---

**No. W2005-01939-COA-R3-CV - Filed June 26, 2006**

---

This appeal stems from a negligence action resulting from an automobile accident. A husband and wife filed suit against the defendant alleging personal injury and property damage resulting from the defendant's alleged negligence that caused the automobile accident involving the wife and the defendant. In addition to the wife's claims, the husband brought claims against the defendant for loss of consortium and loss of services. Additionally, the wife's uninsured motorist insurance carrier was served but unnamed. Both Newsom and the uninsured motorist insurance carrier filed Motions to Exclude All Medical Proof of Plaintiff and Motion for Summary Judgment. The circuit court granted the defendant's and the unnamed but served uninsured motorist insurance carrier's Motions to Exclude All Medical Proof of Plaintiff and Motion for Summary Judgment. The order adjudicated the wife's personal injury claims only. On appeal, the plaintiffs assert that the circuit court erred when it granted the defendant's and the unnamed but served uninsured motorist insurance carrier's Motions to Exclude All Medical Proof of Plaintiff and Motion for Summary Judgment. However, because we find that the circuit court failed to execute a final order disposing of all of the plaintiffs' causes of action, we dismiss the appeal for lack of subject matter jurisdiction pursuant to rule 3(a) of the Tennessee Rules of Appellate Procedure.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Ennix Hairston, Jackson, TN, *pro se*

John S. Little, Jackson, TN, for Appellee, Lillian B. Newsom

Kyle C. Atkins, Humboldt, TN, for Appellee, Tennessee Farmers Mutual Insurance Company as Uninsured Motorist Carrier

# MEMORANDUM OPINION[1]

## I. FACTS & PROCEDURAL HISTORY

On July 27, 2002, Ennix Hairston ("E. Hairston") and Lillian Newsom ("Newsom") were involved in an automobile accident. On July 1, 2003, E. Hairston and her husband, Judge Hairston ("J. Hairston" or, collectively with E. Hairston, the "Hairstons") filed suit against Newsom. E. Hairston claimed medical injuries and property damage resulting from the accident, while J. Hairston claimed injuries from loss of consortium and loss of services.

On May 23, 2005, the circuit court entered a scheduling order that stated:

(1)    PLAINTIFFS SHALL DESIGNATE EXPERTS AND NON-TREATING HEALTH CARE PROVIDERS AND PROVIDE A WRITTEN REPORT BY MAY 30, 2005.

(2)    DEFENDANT SHALL DESIGNATE EXPERTS AND NON-TREATING HEALTH CARE PROVIDERS AND PROVIDE A WRITTEN REPORT BY JULY 1, 2005.

(3)    NON-MEDICAL FACT WITNESSES AND PARTY DEPOSITIONS SHALL BE COMPLETED BY JUNE 15, 2006.

(4)    PLAINTIFF SHALL COMPLETE MEDICAL DEPOSITIONS OR MEDICAL PROOF OR FILE A NOTICE OF INTENT TO PRESENT LIVE MEDICAL TESTIMONY BY JUNE 15, 2005.

(5)    DEFENDANT SHALL COMPLETE MEDICAL DEPOSITIONS OR MEDICAL TESTIMONY OR FILE A NOTICE OF INTENT TO PRESENT LIVE MEDICAL TESTIMONY BY AUGUST 15,2005.

(6)    PARTIES SHALL SUBMIT REQUEST FOR ADMISSIONS BY JULY 1, 2005.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee governs the issuance of Memorandum Opinions, which states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On June 29, 2005, Newsom filed a Motion to Exclude All Medical Proof of Plaintiff and Motion for Summary Judgment. Newsom asserted that E. Hairston failed to comply with the circuit court's scheduling order regarding medical experts. Further, Newsom contended that summary judgment was appropriate as to E. Hairston's personal injury claims since she could not prove causation of her injuries without a medical expert. The motion for summary judgment did not address J. Hairston's claims or E. Hairston's property damage claims. Likewise, on July 13, 2005, Tennessee Farmers Mutual Insurance Company ("TFMIC"), the uninsured motorist insurance carrier acting as a served but unnamed defendant, filed its own Motion to Exclude All Medical Proof of Plaintiff and Motion for Summary Judgment, adopting by reference the materials submitted by Newsom in support of her motion for summary judgment. On August 18, 2005, the circuit court entered an order granting Newsom's Motion to Exclude All Medical Proof of Plaintiff and Motion for Summary Judgment and TFMIC's Motion to Exclude All Medical Proof of Plaintiff and Motion for Summary Judgment.

## III. DISCUSSION

In this case, while the Hairstons have raised several issues on appeal, we find one issue that is dispositive of this appeal, namely, whether this Court has jurisdiction to hear this appeal.[2]

Rule 3 of the Tennessee Rules of Appellate Procedure states in pertinent part:

> (a) Availability of Appeal as of Right in Civil Actions. – In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 of the Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a) (2005). Rule 54.02 of the Tennessee Rules of Civil Procedure states:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express

---

[2] Although neither party raised the issue of this Court's jurisdiction, pursuant to rule 13(b) of the Tennessee Rules of Appellate Procedure, "[t]he appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ." Tenn. R. App. P. 13(b) (2005).

determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02 (2005). Further, in *Fox v. Fox*, 657 S.W.2d 747 (Tenn. 1983), our supreme court has stated:

Rule 54.02 requires as an absolute prerequisite to an appeal the certification by the trial judge, first, that the court has directed the entry of a final judgment as to one or more but fewer than all of the claims, and, second, make an express determination that there is no just reason for delay. Such certification by the trial judge creates a final judgment appealable as of right under Rule 3 T.R.A.P. In the absence of such direction and determination by the trial judge, the order is interlocutory and can be revised at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all parties.

*Id.* at 749 (citation omitted).

In this case, the record demonstrates that E. Hairston asserted a negligence claim against Newsom for personal injuries and for property damage related to her automobile accident with Newsom and that J. Hairston asserted claims for loss of consortium and loss of services. However, in its order granting Newsom's Motion to Exclude All Medical Proof of Plaintiff and Motion for Summary Judgment and TFMIC's Motion to Exclude All Medical Proof of Plaintiff and Motion for Summary Judgment, the circuit court granted summary judgment to Newsom and TFMIC as to E. Hairston's personal injury claims only. Nothing in the record demonstrates that E. Hairston's property damage claims were adjudicated. Furthermore, the record shows that the circuit court judge did not certify that he was entering a final judgment as to fewer than all of the Hairstons' claims and also failed to make an express determination that no just reason for delay existed for appeal upon his ruling concerning E. Hairston's personal injury claims.

Since the prerequisites of rule 3 of the Tennessee Rules of Appellate Procedure and rule 54.02 of the Tennessee Rules of Civil Procedure have not been met, and since the Hairstons have not sought an interlocutory appeal as allowed under rule 9 of the Tennessee Rules of Appellate Procedure, we conclude that this Court does not have subject matter jurisdiction at this time to entertain this appeal. Accordingly, we dismiss this appeal for lack of subject matter jurisdiction. Costs of this appeal are taxed to the appellants, Ennix Hairston and Judge Hairston, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE