IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 4, 2000 Session

## STAN WALLACE MOSLEY v. CARRIE LYNN MOSLEY

**Appeal from the Chancery Court for Washington County**
**No. 6976     Jean Anne Stanley, Judge**

**FILED DECEMBER 20, 2000**

**No. E2000-01445-COA-R3-CV**

This appeal arises from a bifurcated trial in a divorce action. After hearing the parties' proof in the second phase regarding alimony, child support and division of property, the Trial Court entered a Judgment which the Trial Court designated as "final." The Judgment, however, does not satisfy the requirements of Rule 54.02 of the Tennessee Rules of Civil Procedure. The Trial Court did not decide the issue of whether excess retained earnings of Telescan, Inc., a company in which Stan Wallace Mosley ("Husband") is a 90% shareholder, should be imputed as income to Husband. The Judgment states that this issue will be considered by the Trial Court in the future. Husband appeals the Judgment but does not raise the issue of Telescan's excess retained earnings. Carrie Lynn Mosley ("Wife") contends that the Trial Court erred by failing to impute the excess retained earnings of Telescan to Husband's personal income for purposes of calculating his child support obligation. We dismiss this appeal because the Judgment is not a final judgment from which an appeal lies.

**Tenn. R. App. P. 3; Appeal Dismissed; case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

William L. Francisco, Johnson City, Tennessee, for the Appellant, Stan Wallace Mosley.

Judith Fain, Johnson City, Tennessee, for the Appellee, Carrie Lynn Checchi Mosley.

# OPINION

## Background

The Plaintiff, Stan Wallace Mosley ("Husband"), and the Defendant, Carrie Lynn Mosley ("Wife"), were divorced in September, 1999, after a four-year marriage. The parties agreed to bifurcate the trial and did not try the issues of permanent spousal support, child support, and property division until May, 2000. At that time, the Trial Court entered a Judgment addressing these remaining issues.

At trial, the Trial Court was asked by Wife to determine whether excess retained earnings of Telescan, Inc., a business in which Husband is the 90% shareholder, should be imputed to Husband's personal income. Wife's expert witness, a certified business appraiser, testified that Telescan had high excess retained earnings, including cash and accounts receivable, at the time of the parties' separation and divorce. Wife's expert witness testified that these retained earnings could have been distributed as income.

In its Judgment, the Trial Court addressed the issue of Telescan's excess retained earnings as follows:

> The Court further finds that Telescan, Inc., has had excess retained earnings but will not at this time impute those as income to [Husband] but the Court will consider this issue again in one (1) year to see if there continues to be similar high retained earnings which are about Two Hundred Twenty Thousand Dollars ($220,000) greater than the norm in the telecommunications industry.
>
> * * * * * *
>
> The Court finds that child support should be calculated based upon a monthly gross income of Six Thousand Five Hundred Sixty-four Dollars ($6,564.00). At this time the Court will not consider whether or not to include retained earnings as additional income but the Court will look at this issue in the future.
>
> * * * * * *
>
> It is, therefore, ORDERED, ADJUDGED AND DECREED: . . .
> That [Husband] provide to [Wife] updated financial information such and [sic] monthly and annual balance sheets from Telescan, Inc. and Lightwave from now through April 1, 2001 at the end of April, 2001, [sic] so that there can be a determination by this Court, if [Wife] chooses to request same, whether a portion of retained earnings of

Telescan Incorporated shall also be considered as income to [Husband]. The fact that there will be a review in 2001 does not prevent this Order from being a Final Order regarding the issues determined herein.[1]

Husband appeals the portions of the Trial Court's Judgment regarding valuation of Telescan, division of marital property, and the award of rehabilitative alimony to Wife. Wife disputes the Trial Court's failure to include in Husband's income, for purposes calculating his child support obligation, the excess retained earnings of Telescan.

## Discussion

Although neither party raises the issue of whether or not the Judgment is final, we hold that this matter is not properly before this Court. The Trial Court's Judgment, although designated as "final", is not a final judgment from which an appeal lies. *See* Tenn. R. App. P. 3(a). A party may not appeal a judgment if it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all parties." *Id.* Rule 54.02 of the Tennesee Rules of Civil Procedure creates a procedure whereby a trial court can certify a judgment as final even if the judgment does not dispose of all of the claims. The Rule 54.02 requirements, in pertinent part, are as follows:

> When more than one claim for relief is present in an action . . . the court . . . may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Our Supreme Court has held that while Rule 54.02 allows a trial court to make a judgment appealable as of right under Rule 3 of the Tennessee Rules of Appellate Procedure, Rule 54.02 "requires as an absolute prerequisite to an appeal . . ." a trial court to 1) certify that a final judgment is entered as to one or more but fewer than all of the claims contained in the lawsuit, and 2) expressly determine that "there is no just reason for delay." *Fox v. Fox*, 657 S.W.2d 747 , 749 (Tenn. 1983). Without this finding by the trial court, the order is merely interlocutory and subject to revision by the trial court at any time before all of the claims are adjudicated. *Id.* (citing *Stidham*

---

[1] The record contains trial testimony that Lightwave is a wholly-owned subsidiary of Telescan, Inc. Wife's expert witness valued both Lightwave and Telescan together when conducting his valuation of the businesses.

*v. Fickle Heirs*, 643 S.W.2d 324, 325 (Tenn. 1982)). A final order is one that "fully and completely defines the parties' rights with regard to the issue, leaving nothing else for the trial court to do." *Hoalcraft v. Smithson*, 19 S.W.3d 822, 827 (Tenn. Ct. App. 1999) (citations omitted).

In this matter, the language of the Judgment states that it is a "final" judgment, providing that "[t]he fact that there will be a review in 2001 does not prevent this Order from being a Final Order regarding the issues determined herein." However, the Judgment does not contain an express determination by the Trial Court that "there is no just reason for delay." Tenn. R. Civ. P. 54.02; *Fox,* 657 S.W.2d at 749; *see also Bingham v. Kimberly-Clark, Inc.*, Supreme Court of Tennessee, Special Workers' Compensation Appeals Panel, Appeal No. 02S01-9804-CV-00040, 1999 WL 167696, at * 2 , (1999 Tenn.), filed Mar. 29, 1999 (holding that although an order states that it is "final," it does not meet the requirements of Tenn. R. Civ. P. 54.02 where it "does not state that there is no just reason to delay an appeal").

Moreover, the relationship of the excess retained earnings of Telescan and Husband's personal income are "inextricably linked" to the issue of child support which Wife raises on appeal. *Crane v. Sullivan*, No. 01A01-9207-CH-00287, 1993 WL 15154, at * 2 (Tenn. Ct. App. Jan. 27, 1993) (recognizing that "[p]iece-meal appeals are not favored" and holding that an order which was certified by the trial court according to Tenn. R. Civ. P. 54 was not, in fact, a final judgment due to the close relationship between the adjudicated issue and those remaining issues). The question of whether or not to include the excess retained earnings in Husband's income for the purpose of determining child support must be answered by the Trial Court before it properly can determine the amount of child support to be paid. Accordingly, we hold that the Judgment in this matter is not a final judgment from which an appeal lies. *See* Tenn. R. Civ. P. 54.02; Tenn. R. App. P. 3(a).

## Conclusion

This appeal is dismissed, and this matter remanded for final adjudication, consistent with this Opinion. Costs of this appeal are taxed equally to the Appellant, Stan Wallace Mosley, and his surety, and to the Appellee, Carrie Lynn Mosley.

_____
D. MICHAEL SWINEY, JUDGE

-4-