IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 19, 2001 Session

## DAVID WAYNE ROUSE v. IRA NELL ROUSE

**Direct Appeal from the Chancery Court for Shelby County**
**No. D29666-2     Floyd Peete, Jr., Chancellor**

_____

**No. W1999-02126-COA-R3-CV - Filed September 26, 2001**

_____

This is a divorce action wherein the trial court declared the parties divorced. Husband appeals the trial court's decision to admit evidence regarding his retirement plan; its valuation of the same; its award of rehabilitative alimony to Wife; its award of attorney's fees to Wife; its division of marital debt; its adopting Wife's proposed final decree of divorce; its division of marital property; its admitting evidence regarding Husband's use of pornography; and its refusal to permit Husband's Rule 15 Memorandum in the record on appeal. Additionally, Wife seeks her attorney's fees on appeal. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and FRANKLIN MURCHISON, SP. J., joined.

Venita Marie Martin, Memphis, Tennessee, for the appellant, David Wayne Rouse.

Kay Farese Turner, Martin W. Cash, Jr. and William E. Miller, Memphis, Tennessee, for the appellee, Ira Nell Rouse.

### OPINION

David Wayne Rouse (Mr. Rouse) and Ira Nell Rouse (Ms. Rouse) were married on August 5, 1989. Mr. Rouse filed for a divorce in June of 1998, alleging irreconcilable differences. Mr. Rouse amended his complaint in January of 1999 to allege the additional ground of inappropriate marital conduct. Ms. Rouse filed a counter-complaint for divorce in February of 1999, alleging irreconcilable differences and inappropriate marital conduct. In their respective answers, both parties denied that they were guilty of inappropriate marital conduct.

At the time of divorce, both parties were 38 years old and were gainfully employed. Mr. Rouse was a Field Service Technician with Federal Express and earned approximately $41,750.00

per year. Ms. Rouse was a licensed registered nurse with EyeCorp and earned approximately $41,380 per year.

After a three day trial on the matter, the trial court declared the parties divorced. Mr. Rouse was awarded approximately $68,039.33 in marital property including, *inter alia*, his Federal Express profit sharing account and pension plan. Ms. Rouse was awarded approximately $56,888.31 in marital property, including, but not limited to, the marital residence, her 401(k), and her marital portion of her University of Tennessee retirement annuity. Mr. Rouse was held liable for the debt owing on the credit cards, and Ms. Rouse was held liable for the mortgage, the car lien, debt owed for restoration of a piano, and the debt incurred by her since the separation specifically owed to her parents. Ms. Rouse was awarded rehabilitative alimony in the amount of $400.00 per month for six months, and her attorney's fees in the amount of $5,000.00. Mr. Rouse appeals, raising the following issues for this court's review:

1.      Whether the trial court erred and abused its discretion in admitting hearsay documents obtained from husband's employer pursuant to subpoena into evidence over husband's objections.

2.      Whether the trial court's valuation of a benefit plan established and maintained by husband's employer was supported by the evidence where wife relied on and testified regarding hearsay documents that were not authenticated at trial.

3.      Whether the trial court's award of rehabilitative alimony to wife was proper under Tennessee law where wife earns more than husband, where wife had a substantial separate estate, and where the trial court awarded wife a substantial portion of the marital estate.

4.      Whether the trial court erred and abused its discretion in ordering husband to pay post-separation debt incurred by wife.

5.      Whether the trial court erred and abused its discretion in awarding wife her attorney's fees where the court declared the parties divorced pursuant to section 36-4-129(b) of the Tennessee Code Annotated and where the trial court awarded wife a greater share of the marital estate.

6.      Whether the trial court erred in entering the ex parte final decree of divorce which contained rulings and representations not addressed in a letter to husband's counsel regarding the trial court's decision and where counsel for wife submitted two orders for the trial court to select from without input from husband's counsel.

7.      Whether the trial court divided the marital estate equitably.

8.    Whether the trial court erred in allowing testimony and documents regarding pornography where the information was provided the husband's counsel the eve of trial and where the documents were created and/or downloaded from a website by wife or her attorneys.

9.    Whether the trial court abused its discretion in excluding husband's Rule 15 Memorandum from the record on appeal.

Additionally, Ms. Rouse requests her attorney's fees on appeal.

Because this case was tried without a jury, our review of the trial court's findings of fact is *de novo*, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). Our review of the trial court's determinations regarding questions of law is *de novo* with no presumption of correctness. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); Tenn. R. App. P. 13(d). We will now address each issue in turn.

### *Rehabilitative Alimony*

The trial court ordered Mr. Rouse to pay Ms. Rouse $400.00 per month for six months as rehabilitative alimony. An award of rehabilitative alimony must be predicated upon a finding that the recipient spouse can be economically rehabilitated. *See* Tenn. Code Ann. § 36-5-101 (1999). A court does not reach the issue of rehabilitation, however, unless the recipient spouse is economically disadvantaged relative to the other spouse. *See Cunningham v. Cunningham*, 2000 WL 33191364, at *5 (Tenn. Ct. App. Oct. 20, 2000).

In the instant case, Ms. Rouse is a licensed registered nurse with ultrasound experience, earning approximately $41,380 per year at the time of divorce. Mr. Rouse is a Field Service Technician with Federal Express, earning approximately $41,750.00 per year. Based upon the facts in the record, we find that Ms. Rouse is not economically disadvantaged relative to Mr. Rouse. Accordingly, we reverse the trial court's award of rehabilitative alimony to Ms. Rouse.

### *Attorney's fees*

Trial courts have the discretion to award additional sums to defray the legal costs resulting from a divorce proceeding. *See Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983); *Palmer v. Palmer*, 562 S.W.2d 833, 838-39 (Tenn. Ct. App. 1977). In divorce cases, awards for litigation expenses are considered alimony *in solido*, *see Houghland v. Houghland*, 844 S.W.2d 619, 623 (Tenn. Ct. App. 1992), and are appropriate when one spouse is economically disadvantaged, lacks sufficient resources with which to pay attorney's fees, or would be required to deplete one's resources. *See Herrera v. Herrera*, 944 S.W.2d 379, 390 (Tenn. Ct. App. 1996); *Brown v. Brown*, 913 S.W.2d 163, 170 (Tenn. Ct. App. 1994).

In the instant matter, Ms. Rouse testified that she was unable to afford her attorney's fees. Ms. Rouse's mother, Mary Sue Rowland, testified that Ms. Rouse has borrowed approximately $12,000.00 to $13,000.00 from her to apply towards payment of Ms. Rouse's attorney's fees. Further, we note that Ms. Rouse had to expend additional attorney's fees in order for her counsel to prepare a defense to Mr. Rouse's pre-trial position on numerous issues, including, but not limited to, the existence of his retirement plan, his interest in Ms. Rouse's 1934 Ford, and his allegation that Ms. Rouse had an abortion rather than having suffered a miscarriage, which were then recanted at trial. Based upon the facts in this case, we find that the trial court did not abuse its discretion in awarding Ms. Rouse $5,000.00 in attorney's fees.

### *Proposed Final Decree of Divorce*

Mr. Rouse argues that the trial court erred in adopting Ms. Rouse's proposed decree of divorce without a hearing to address the parties' disputes regarding the trial court's ruling. Rule 17 of the Rules of the Chancery Court of Shelby County, Tennessee, provides, in pertinent part, as follows:

> (c) Orders and Decrees shall be prepared by the attorney for the prevailing parties and submitted to attorneys for other parties for approval. . . .
> (d) In the event of a disagreement regarding the proper wording of an Order or Decree, the attorneys shall submit to the Court their version of what they think is the appropriate Order or Decree for the Court's determination.

No where in the language of Rule 17 does it state that a hearing must be had when parties disagree as to what the proper wording of an Order or Decree should be. Because both parties had an opportunity to and did submit their respective proposed final decrees of divorce, we find that the trial court did not err in adopting Ms. Rouse's proposed final decree.

### *Evidence of Pornography*

Mr. Rouse argues that the admission of testimony in documents regarding pornography was prejudicial and should not have been admitted. All relevant evidence is admissible unless its probative value is outweighed by the danger of unfair prejudice. *See* Tenn. R. Evid. 402, 403. The trial court declared the parties divorced pursuant to Tenn. Code Ann. § 36-4-129(b). Therefore, this was not a fault based divorce. Husband argues in his brief that "the admission of such evidence was prejudicial to husband as reflected in the trial court's distribution of marital assets and the award of alimony and attorney['s] fees to Wife." We find no evidence in the record that the trial court was prejudiced by this evidence and, if error, we find the error to be harmless. *See* rule 36(b) Tenn. R. App. P.

-4-

### *Rule 15 Memorandum*

Mr. Rouse alleges error by the trial court's refusal to include his Rule 15[1] memorandum in the record on appeal. In view of the fact that this matter is remanded to the trial court to consider distribution of marital property pursuant to this opinion, this issue is pretermitted.

### *Distribution of Marital Property*

The bulk of the marital assets awarded Husband consisted of his FedEx pension plan totaling $56,283.60. Wife contends that the trial court erred in admitting into evidence a "1997 FedEx compensation benefits statement" which purportedly established that his retirement account had a value of this amount. These documents were subpoenaed by Wife's attorney from Husband's employer. Husband contends that the documents were not properly authenticated. We are unable to review the authenticity of the documents as the exhibits are not in the record before us.[2]

Husband contends that these documents constitute inadmissible hearsay evidence. Wife counters that they are admissible under Rule 803(6), Records of Regularly Conducted Activity. Husband acknowledges the rule, but contends that it is still necessary that a witness testify, to wit "the custodian or other qualified witness" as set forth in the rule.

> One of the purposes of the business records hearsay exception is to facilitate the presentation of business records without unduly disrupting the business's activities. Certainly there is no requirement that all declarants be called away from work to testify, ***but ordinarily at least one witness must come to court to testify about the foundation facts. Rule 803(6) simply provides that the witness be the records "custodian or other qualified witness."*** Typically that witness will be in charge of maintaining records of the particular business, but other employees or officers or appropriately informed witnesses could be used as well. The key is that the witness have knowledge of the method of preparing and preserving the records. If no witness is available to testify, the records cannot be authenticated as business records, unless the parties stipulate to authentication.

Neil P. Cohen, ***Tennessee Law of Evidence*** § 8 11 [11] (4th ed. 2000) (emphasis added). Certain documents are self authenticating pursuant to Rule 902, but the subject documents do not fall within

---

[1] This rule is currently Rule 14 of the Rules of the Chancery Court of Shelby County, Tennessee.

[2] Pursuant to Rule 24(a) Tenn. R. App. P., the record on appeal shall include the original of any exhibits filed in the trial court and the transcript or statement of the evidence of the proceedings. The primary burden is upon the appellant to see that a proper record is prepared on appeal. *See McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989) *cert denied*, 493 U.S. 859 (1989); *Wilson County Sch. Sys. v. Clifton*, 41 S.W.3d 645, 661 (Tenn. Ct. App. 2000) *perm. app. denied* (Tenn. Oct. 9, 2000). However, both parties share the responsibility to insure that the record on appeal is complete. *Karr v. Gibson*, No. 01A01-9605-CH-00220, 1998 WL 57536, at *3 (Tenn. Ct. App. Feb. 13, 1998) *no perm. app. filed*.

the rule as they existed at the time of trial.[3]  We have determined that the trial court erred in admitting same into evidence.  Since Husband's pension plan was a substantial portion of the marital property awarded to him, we reverse the trial court's distribution of marital property.  On remand, the trial court shall fashion a distribution of marital property and, in the court's discretion, may hear additional evidence.

## *Post Separation Debt*

In view of the fact that his matter is being remanded for a reconsideration of the distribution of marital property, the court at that time will also consider the allocation of post-separation debt.

## *Attorney's Fees on Appeal*

Ms. Rouse requests her attorney's fees on appeal.  We respectfully deny this request.

## *Conclusion*

The trial court's award of rehabilitative alimony and distribution of marital property is reversed.  The final decree is otherwise affirmed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

The costs of this appeal are taxed equally to David Wayne Rouse and his surety and to Ira Nell Rouse.

_____
DAVID R. FARMER, JUDGE

---

[3]Subsequent to the trial of this matter, Rule 803(6) was amended to provide that, in addition to the testimony of the custodian or other qualified witness, a record of regularly conducted activity may also be admissible as an exception to the hearsay rule if shown "by certification that complies with Rule 902(11) or a statute permitting certification . . ."  This amendment was effective July 1, 2001.  Effective at the same time was the addition of section 11 to Rule 902 and the Advisory Commission Comment to that rule provides that it allows affidavits by custodians to establish the foundation for business records and the custodian need not attend trial as a witness.  Section 11 further provides that the party intending to offer a record into evidence under this section must provide notice to all adverse parties.