IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 26, 2018 Session

## JAMES WILLIAM SHERRELL, JR. v. LISA DANIELA SCHNUR

Appeal from the Circuit Court for Hamilton County
No. 12D1406    W. Neil Thomas, III, Judge

No. E2017-00744-COA-R3-CV

The Trial Court in this custody proceeding attempted to certify as a final judgment, pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the order entered on March 31, 2017, which resolved all issues in the proceedings below except those related to the payment of child support for the benefit of the parties' minor child. Because the order fails to expressly determine in accordance with the rule that "there is no just reason for delay," the order is not appealable as a certified final judgment pursuant to Rule 54.02. *See Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983). We therefore lack jurisdiction to consider this appeal and it is dismissed without prejudice to the filing of a new appeal once a final judgment or appropriately certified final judgment has been entered.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J., JOHN W. MCCLARTY, J., AND THOMAS R. FRIERSON, II, J.

John P. Konvalinka, Chattanooga, Tennessee, for the appellant.

Glenna M. Ramer, Chattanooga, Tennessee, for the appellee.

Megan C. England, Chattanooga, Tennessee, Guardian Ad Litem.

# MEMORANDUM OPINION[1]

Prior to transmission of the record, and by way of motions seeking a remand to the Trial Court for the purpose of resolving the unresolved child support issues in the proceedings below, the parties advised this Court that the Trial Court had announced from the bench at a hearing on June 9, 2017, that it intended to withdraw the attempted certification of the March 31, 2017 order pursuant to Rule 54.02. Thereafter, and pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court reviewed the record for this appeal upon transmission and determined that the March 31, 2017 order could not be considered a final judgment in accordance with Rule 54.02 because it lacked all findings required by the rule. As such, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Pending before the Court at the time of issuance of the show cause order were a second motion seeking a remand, as well as a supplement to that motion, in which the appellant, among other things, acknowledged that "there is not a final order" disposing of all issues in the proceedings below. Counsel for the appellant has now filed a response to the show cause order which again acknowledges that there is not a final order resolving all issues in the proceedings below. However, counsel asks that the Court remand this case to the Trial Court for entry of a final order, presumably as an alternative to dismissal of this appeal.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a); *see also In re Estate of Henderson*, 121 S.W.3d at 645. Rule 54.02 provides an exception to this rule by permitting a trial court to direct the entry of a final judgment "as to fewer than all of the claims or parties upon an express finding that there is no just reason for delay." *Ingram v. Wasson*, 379 S.W.3d 227, 238 (Tenn. Ct. App. 2011); *see also* Tenn. R. Civ. P. 54.02. However, in the absence of the express determinations and directions required by the rule, an interlocutory order cannot be considered an appealable final judgment under the rule. *See Duffer v. Lawson*, No.

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

M2009-01057-COA-R3-CV, 2010 WL 348820, * 5 (Tenn. Ct. App. Sept. 3, 2010); *State ex rel. Comm'r, Tenn. Dep't of Transp. v. West Coast, LLC*, No. M2009-00140- COA-R3-CV, 2009 WL 4801713, * 4 n.4 (Tenn. Ct. App. Dec. 14, 2009).

Having determined that the order on appeal is not a properly certified final judgment pursuant to Rule 54.02, we cannot simply remand this case to the Trial Court for entry of a final order as an alternative to dismissal of this appeal. "This Court will suspend the finality requirements of Rule 3 of the Tennessee Rules of Appellate Procedure only in the most extenuating circumstances, where justice so demands." *Williams v. Tennessee Farmers Life Reassurance Co.*, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, * 6 (Tenn. Ct. App. May 12, 2011). "The finality requirements of Rule 3 may not be 'waived' by the parties, and we will not suspend Rule 3 as a mere convenience or to work an end-run around Rule 54.02 of the Tennessee Rules of Civil Procedure, or Rules 9 and 10 of the Tennessee Rules of Appellate Procedure." *Id.* We conclude that the interests of justice and judicial economy would not be served by this Court continuing to exercise jurisdiction over this appeal despite the lack of an appealable final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (declining to suspend pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, the requirement under Rule 3(a) of those rules, that there be a final judgment for purposes of an appeal, where the trial court "improperly" entered a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure).[2]

Because this Court lacks jurisdiction to consider this appeal, the case is dismissed without prejudice to the filing of a new appeal once a final judgment or appropriately certified final judgment has been entered. Costs on appeal are taxed to the appellant, Lisa Daniela Schnur, and her surety, for which execution may issue if necessary.

**PER CURIAM**

---

[2]Notwithstanding the express statement in *Bayberry* that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2, *see Bayberry*, 783 S.W.2d at 559, the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).