FILED

03/05/2024

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 28, 2024 Session

## JEROME PENDZICH v. LAUREN WOODALL

**Appeal from the Juvenile Court for Johnson City**
**No. 53904     Sharon M. Green, Judge**

_____

**No. E2023-01235-COA-R3-JV**

_____

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J; and KRISTI M. DAVIS, J.

Jerome Pendzich, Johnson City, Tennessee, Pro Se Appellant.

Grace E. Studer, Johnson City, Tennessee, for the appellee, Lauren Woodall.

## MEMORANDUM OPINION[1]

The *pro se* appellant, Jerome Pendzich ("Appellant"), filed a notice of appeal with this Court in August 2023, which states that Appellant is appealing the August 24, 2023 order of the Juvenile Court for Johnson City ("the Trial Court"). Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tenn. R. App. P. 13(b). Based on that review, we determined that the order appealed is not a final judgment subject to an appeal as of right under Tenn. R. App. P. 3. Specifically, the order appealed provides

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

that several petitions seeking contempt against the appellee's counsel remain pending before the Trial Court. A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). The trial court may also direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. But the trial court may do so "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Tenn. R. Civ. P. 54.02.

In this case, the Trial Court attempted to certify the August 24, 2023 order as final. In its order, the Trial Court stated as follows: "This is a final order and any appeal from this order must be made to the Court of Appeals within thirty (30) days of the entry of this order." The order, however, does not state that there is no just reason for delay when attempting to certify the order as final. *See* Tenn. R. Civ. P. 54.02. This Court entered an order on January 26, 2024, directing Appellant to obtain a final judgment or show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant filed documents in response to the show cause order that did not address this Court's concern regarding lack of subject matter jurisdiction over this appeal.

The appellee, Lauren Woodall, thereafter filed a motion to dismiss the appeal. In the motion, the appellee requested this Court dismiss the appeal for lack of subject matter jurisdiction and/or Appellant's failure to comply with this Court's show cause order. Appellant filed a response to the motion to dismiss but appeared to believe that he could proceed with his appeal despite the lack of subject matter jurisdiction without demonstrating that a final judgment exists in the Trial Court or obtaining a final judgment from the Trial Court during the timeframe provided by this Court. Appellant states in his response as follows with regard to this Court's show cause order:

> [T]he choice of the appellant is **either** to obtain a final judgment from the trial court **OR** Show Cause in this Court why the appeal should not be dismissed. I, Jerome Pendzich (Pro Se) have chosen to show cause.
>
> * * *
>
> I, Jerome Pendzich did not attempt to obtain a finalized judgment from the Trial Court because it was Not mandatory to do so as opposition implies. Only one option provided to an appellant. Due to evidence of Fraud upon the Trial Court which also shows evidence of bias by default, I Jerome Pendzich, Do Not see a clear path to justice through the Trial Court.

Appellant misconstrues this Court's direction in the January 26, 2024 show cause order. As stated in the order, this Court has no subject matter jurisdiction to consider this

appeal without a final judgment.  *See* Tenn. R. App. P. 3; *Riverland, LLC v. City of Jackson*, No. W2017-01464-COA-R3-CV, 2018 WL 741679, at *1 (Tenn. Ct. App. Feb. 7, 2018) ("Except where otherwise provided, this Court only has subject matter jurisdiction over final orders.").  This Court's invitation for Appellant to show cause why this appeal should not be dismissed due to lack of jurisdiction allowed Appellant to produce evidence demonstrating that a final judgment exists, which would provide this Court has jurisdiction over this appeal.  Appellant failed to demonstrate that a final judgment exists and failed to obtain a final judgment from the Trial Court during the time provided in this Court's order. Appellant also did not request an extension of time to obtain a final judgment but instead states that he did not even attempt to obtain a final judgment from the Trial Court during the time provided.

The Trial Court's August 24, 2023 order does not contain the required determination and direction and thus does not constitute a final appealable judgment under Rule 54.02. Although the August 24, 2023 order may direct the entry of a final judgment, it does not contain an express determination that there is no just reason for delay.  The finding of "no just reason for delay" is "an absolute prerequisite" to an appeal.  *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983); *see also Duffer v. Lawson*, No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010) (holding that an order omitting "magic language" under Rule 54.02 "is not a final and appealable judgment").  Absent the finding, "the order is interlocutory and can be revised at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all parties." *Fox*, 657 S.W.2d at 749. Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right.  *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment.  We, therefore, grant the appellee's motion to dismiss this appeal for lack of jurisdiction; however, we deny the request that such dismissal be with prejudice. This appeal is hereby dismissed without prejudice to Appellant's ability to file a notice of appeal when a final judgment is entered in the trial court proceedings either resolving all issues below or properly certifying the order as a final judgment pursuant to Rule 54.02. Costs on appeal are taxed to the appellant, Jerome Pendzich, for which execution may issue.

**PER CURIAM**