IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 25, 2024

## MARCIE ELIZABETH RASNICK v. JASON DEAN RASNICK

**Appeal from the Chancery Court for Carter County**
**No. C220338     John C. Rambo, Chancellor**
_____

### No. E2023-01561-COA-R3-CV
_____

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND JOHN W. MCCLARTY, J.

Carl Allen Roberts, Jr., Elizabethton, Tennessee, for the appellant, Marcie Elizabeth Rasnick.

Joshua Aaron Harbin, Elizabethton, Tennessee, for the appellee, Jason Dean Rasnick.

### MEMORANDUM OPINION[1]

The appellant, Marcie Elizabeth Rasnick ("Appellant"), filed a notice of appeal with this Court in November 2023, which states that Appellant is appealing the October 5, 2023 order of the Carter County Chancery Court ("the Trial Court"). Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tenn. R. App. P. 13(b). Based on that review, we determined that the order appealed is not a final judgment subject to an appeal as of right under Tenn. R. App. P. 3.

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Specifically, the appellate record reflects that Appellant filed a motion for contempt on June 30, 2023, and the record is devoid of an order disposing of this motion. At the conclusion of the trial in this matter, the Trial Court stated in its oral ruling, which was incorporated into its October 5, 2023 order, that it was reserving ruling on the contempt motion. We note that the October 5, 2023 order states that it is a "final order of the Court for purposes of appeal." However, the Trial Court did not properly certify the judgment as final pursuant to Tennessee Rule of Civil Procedure 54.02. Although the October 5, 2023 order may direct entry of a final judgment, it does not contain an express determination that there is no just reason for delay. The finding of "no just reason for delay" is "an absolute prerequisite" to an appeal. *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983); *see also Duffer v. Lawson*, No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010) (holding that an order omitting "magic language" under Rule 54.02 "is not a final and appealable judgment"). Absent the finding, "the order is interlocutory and can be revised at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all parties." *Fox*, 657 S.W.2d at 749.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on March 8, 2024, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant has not supplemented the appellate record with a final order nor has she responded to this Court's show cause order.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Marcie Elizabeth Rasnick, for which execution may issue.

**PER CURIAM**