IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 31, 2026 Session

IN RE NIKKO E.L. ET AL.

**Appeal from the Juvenile Court for Blount County**
**No. JV-3436, JV-3437      Kenlyn Foster, Judge**

———————————————————

**No. E2025-01277-COA-R3-PT**

———————————————————

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, P.J., E.S.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Sherif Guindi, Knoxville, Tennessee, for the appellant, Chellsey S.

Jonathan Skrmetti, Attorney General and Reporter, and Mara Lynne Cunningham, Assistant Attorney General, for the appellee, the Tennessee Department of Children's Services.

**MEMORANDUM OPINION[1]**

The appellant, Chellsey S. ("Appellant"), filed a notice of appeal with this Court in August 2025, which states that Appellant is appealing the July 28, 2025 order of the Blount County Juvenile Court ("the Trial Court").[2] Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tennessee Rule of Appellate Procedure

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] We note that although the line above the judge's signature indicates that the judgment was entered on July 28, 2025, the order was not stamped as filed by the trial court clerk until July 29, 2025.

13(b). The appellate record reflects that in the petition seeking termination of parental rights, the petitioner requested the termination of parental rights with regard to three children. However, the proceedings were bifurcated and the trial court only terminated the mother's parental rights with regard to two of the children. In its order, the trial court states that the order is final, but the trial court did not expressly state that there was no just reason for delay in its order as required by Tenn. R. Civ. P. 54.02. *See Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983); *see also Duffer v. Lawson*, No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010) (holding that an order omitting "magic language" under Rule 54.02 "is not a final and appealable judgment").

Based on this Court's review and this Court's determination that the order from which Appellant had appealed did not appear to be a final judgment, this Court entered a show cause order on November 21, 2025, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant has not supplemented the appellate record with a final order nor has she responded to this Court's show cause order. Although this Court can waive finality, pursuant to Tennessee Rule of Appellate Procedure 2, neither party has requested this Court to do so in this case. As such, the Trial Court's July 29, 2025 order, from which the appellant seeks to appeal, does not appear to be "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a).

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). The trial court may also direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. But the trial court may do so "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Tenn. R. Civ. P. 54.02(1). The finding of "no just reason for delay" is "an absolute prerequisite" to an appeal of an order certified as final under Rule 54.02. *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Chellsey S., for which execution may issue.

**PER CURIAM**